## ALFARO, DEMANDANTE Y APELADO, *v.* ALONSO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre *injunction* para recobrar la posesión de bienes inmuebles.

No. 1858.—Resuelto en enero 31, 1919.

INJUNCTION PARA RECOBRAR LA POSESIÓN DE PROPIEDAD INMUEBLE—DEMANDA—ACUMULACIÓN DE ACCIONES.—Cuando, como en el presente caso, se ejercita la acción que autoriza la Ley No. 43 de 1913 para recobrar la posesión de una finca, no debe acumularse a ella ninguna otra.

ID.—CONCLUSIONES DE LEY.—Las conclusiones de ley contenidas en una demanda son permisibles si las mismas aparecen alegadas con los hechos de los cuales se derivan.

ID.—ADMISIÓN DE PRUEBAS—TÍTULO DEL DEMANDANTE.—Siendo únicamente el punto en discusión en este caso el hecho de si el demandante fué privado de la posesión material de la finca por los actos violentos del demandado, no era necesario probar el derecho por virtud del cual el demandante tenía la posesión material del inmueble.

PRUEBA CONTRADICTORIA—PASIÓN—PREJUICIO—PARCIALIDAD—ERROR MANIFIESTO.—
   El Tribunal Supremo no irá contra la apreciación que de la prueba haya
   hecho la corte inferior, a no ser que se evidencie que ésta actuó movida por
   pasión, prejuicio, parcialidad, o que cometiera error manifiesto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Sergio León.*

Abogado del apelado: *Sr. Carlos Brunet.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Mariano Alfaro Díaz presentó una demanda jurada en la Corte de Distrito de Ponce alegando, en resumen, que desde hacían varios años y hasta el mes de septiembre de 1917, estuvo en posesión material usufructuando una finca de doce cuerdas, que describe, perteneciente a Emilio Alfaro; que el demandado Teodoro Alonso en el dicho mes de septiembre, violentamente y contra la voluntad del demandante, por medio de los peones J. P. Colón y J. R. Dávila, se introdujo en la indicada finca, quitando los alambres que la cercaban, colocándolos en otro sitio y prohibiendo la entrada en ella a los peones del demandante, privando a éste por tales medios de la posesión de su finca, de una manera ilegal y maliciosa.

El demandado presentó una moción eliminatoria que fué declarada en parte con lugar; alegó excepciones previas, que fueron desestimadas, y contestó la demanda. Celebrada la vista, la corte resolvió el pleito en favor del demandante y el demandado interpuso entonces el presente recurso de apelación.

En su alegato la parte apelante señala la comisión de siete errores, dos que se refieren a la moción eliminatoria y a las excepciones previas, uno a la práctica de la prueba, tres a la apreciación de la evidencia, y uno a las costas.

La moción eliminatoria, como hemos dicho, fué declarada en parte con lugar. La corte accedió a la eliminación del hecho quinto de la demanda en el que se reclamaban daños y perjuicios porque cuando se ejercita, como en este caso, la

acción que autoriza la Ley No. 43 de 1913, para recobrar la posesión material de una finca, no puede acumularse a ella ninguna otra; pero negó la eliminación de aquellos particulares de la demanda que el demandado señaló como conclusiones de ley, y el demandado insiste ahora en que la corte erró en la última parte de su resolución. Es cierto que examinando la demanda encuéntranse en ella conclusiones de ley, pero tales conclusiones aparecen alegadas juntamente con los hechos de los cuales se derivan y esto es permisible. Véase *Pomeroy's Code Remedies,* página 560 y siguientes.

La demanda no es ambigua. El hecho de la posesión material de la finca por parte del demandante, es compatible con el de la propiedad de la misma correspondiente a otra persona. El demandante usufructuaba la finca y, poseyéndola materialmente en tal concepto, pudo ejercitar la acción que concede la dicha Ley No. 43 de 1913. Véase el caso de *Serrano* v. *Sucesión Santos,* 24 D. P. R. 175, 178.

La demanda, además, aduce hechos suficientes para determinar una causa de acción, ya que todos los elementos exigidos por la repetida Ley No. 43 de 1913, se alegan en ella con bastante claridad. Véase el caso de *Mattei* v. *Badillo,* 21 D. P. R. 171.

Practicando su prueba el demandante introdujo como evidencia una escritura otorgada el 20 de septiembre de 1913 ante notario público en la cual consta la venta de la finca de doce cuerdas cuya posesión reclama, hecha a favor de Emilio Alfaro. Dicha escritura no tiene nota de inscripción en el registro de la propiedad. El demandado se opuso a su admisión "porque según el mismo título aparece, esa finca fué adquirida por documento privado y esta escritura no puede perjudicar los derechos de Teodoro Alonso en cuanto a la posesión de la finca." La corte admitió el documento "para darle el valor que pueda tener en conjunto con el resto de la prueba."

Sólo se discute en este pleito el hecho de si el demandante fué privado de la posesión material de la finca por los actos

violentos del demandado. No era necesario probar el derecho
por virtud del cual el demandante estaba en posesión y era
por tanto innecesaria la presentación de la escritura. Sin
embargo contribuía a aclarar y robustecer el caso del de-
mandante y no vemos que la corte cometiera error perju-
dicial al admitirla.

Sostiene el apelante que la corte erró al no considerar
prescrita la acción por haber transcurrido más de cuatro me-
ses de la toma de posesión de los terrenos por parte del
demandado, al no considerar que el demandante estaba im-
pedido de reclamar una posesión que había entregado volun-
tariamente, y al declarar justificadas las alegaciones del de-
mandante. Estos tres errores deben examinarse conjunta-
mente. La prueba fué contradictoria. La del demandante
tiende a demostrar que la finca de doce cuerdas pertenece
desde septiembre de 1913 a Emilio Alfaro; que nunca fué
vendida al demandado, a quien tampoco se le entregó su
posesión en ningún tiempo; que estuvo poseída por el deman-
dante y que si el demandado actualmente la posee es porque
se introdujo en ella en contra de la voluntad del demandante.
La prueba del demandado por el contrario tiende a demostrar
que él compró por escritura pública otorgada el 26 de fe-
brero de 1917 al propio demandante y a su esposa una finca
de ciento veinte y tres cuerdas dentro de la cual está com-
prendida la de doce de que se trata en este pleito, y que
se le entregó la posesión de todo el terreno, siendo por lo
tanto de una manera legal y no de un modo violento que
entró en la posesión que se discute. El juez de distrito que
oyó declarar al demandante y al demandado en persona y
a los testigos que ambas partes presentaron, resolvió el con-
flicto en favor del demandante, y como no se ha demostrado
que actuara movido por pasión, prejuicio o parcialidad, o
que cometiera algún error manifiesto, su conclusión no debe
ser alterada por esta Corte Suprema, según su jurispruden-
cia constante.

Resuelto el conflicto de la prueba en favor del demandante,

no vemos que pueda sostenerse con éxito que la corte erró al imponer las costas al demandado.

Debe confirmarse la sentencia recurrida.

> *Declarado sin lugar el recurso y confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.