ORTIZ, DEMANDANTE Y APELADO, *v.* SILVA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre *injunction* para recobrar la posesión material de propiedad inmueble.

No. 2143.—Resuelto en abril 26, 1920.

TRASLADO DEL PLEITO—JURISDICCIÓN.—Una moción de traslado hecha el día del juicio y después que la parte se ha sometido a la jurisdicción de la corte de distrito es demasiado tardía.

JURAMENTO A LA DEMANDA—OBJECIÓN TARDÍA AL JURAMENTO DE LA DEMANDA.— La objeción hecha al juramento de la demanda en el momento del juicio es tardía.

INJUNCTION PARA RECOBRAR LA POSESIÓN—DESAHUCIO—POSESIÓN.—En los procedimientos de *injunction* para recobrar la posesión, al igual que en los casos de desahucio, no puede resolverse un conflicto de título, pues sólo está envuelto el derecho inmediato de posesión.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Benet y Souffront.*

Abogado del apelado: *Sr. L. Montalvo Guenard.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este fué un procedimiento seguido por virtud de la Ley No. 43 de 1913, de acuerdo con la cual el demandante solicitó y obtuvo sentencia en que se decretaba un *injunction* restableciendo al demandante en la posesión de la finca de la cual alegó que había sido privado ilegalmente. La corte declaró probado que el demandante había sido privado ilegalmente de la posesión de su finca por los actos de los demandados y por consiguiente dictó sentencia a favor de dicho demandante de conformidad con la ley y la jurisprudencia y especialmente la opinión emitida en el caso de *Mattei v. Badillo,* 21 D. P. R. 171.

Aunque existe cierto conflicto en la prueba, el gran peso de ésta es al efecto de ·que el demandante se encontraba legalmente en posesión de la finca el día 16 de mayo de 1919, cuando los demandados se introdujeron en dicha finca, derribaron y quitaron de ella una cerca y realizaron otros actos, todos los cuales privaban al demandante. de la posesión pacífica de la finca. El apelante además de discutir los errores relativos al peso de la prueba señaló otros varios.

El apelante alegó que la corte incurrió en error al no conceder el traslado del caso a la Corte de Distrito de Mayagüez. La moción no se hizo hasta el día del juicio, cuando era evidente que el demandado se había sometido y la corte adquirido jurisdicción por virtud del artículo 77 del Código de Enjuiciamiento Civil.

El demandado asimismo esperó hasta el día del juicio para promover la cuestión referente a la insuficiencia del juramento hecho en la demanda. Aunque la corte tiene discreción, tal objeción en el momento del juicio se hace demasiado tarde. Resolvemos este señalamiento por este fundamento, aunque tenemos dudas de si la objeción pudo haber prevalecido en algún período del juicio.

La corte no cometió error al eliminar de la contestación toda aquella materia que se refería a un supuesto título en los demandados. Puede haber casos en los que la prueba de la posesión podría depender de la prueba del título, pero el demandado mismo no demostró estar comprendido en la excepción. La regla tanto para los casos bajo la ley número 43 de 1913 como para los desahucios es que solamente está envuelto el derecho inmediato de posesión y eliminada la superioridad del título *vel non*. Además en el juicio resultó evidente en gran parte que los demandados trataban de fundarse en un título y demostrar que el título del demandante era inferior al suyo. Algunos de sus testigos trataron de justificar la posesión de los demandados con el título y pretendieron pasar por alto el hecho de que el demandante había estado en posesión pacífica por largo tiempo antes de su violento lanzamiento. El quinto señalamiento de error envolvía sustancialmente el mismo punto.

En el juicio se dejó ver por las declaraciones de los testigos que en la demanda aparecían cambiadas las colindancias del este y oeste y la corte permitió que se hiciera una enmienda para ajustarse a la prueba. El apelante sostiene que la prueba no justificó el cambio, pero la conclusión de la corte en este punto no fué equivocada. Los apelantes también alegaron sorpresa pero no solicitaron la suspensión del juicio y en realidad de verdad no fueron sorprendidos o perjudicados. El juicio en conjunto demostró que todo el mundo hablaba de la misma finca. Era bien conocida y fué completamente identificada.

Los apelantes, en el séptimo señalamiento de error discuten la alegada indebida admisión de una manifestación hecha por un testigo, a fin de probar que era simulada una escritura en la que al parecer se traspasaba la posesión del demandante a otras personas. No vemos que haya habido ni error ni perjuicio. Los apelantes no eran partes en la

escritura y no fueron perjudicados por ella.   El apelado tenía derecho a negar el contenido del escrito en cuanto a la posesión.

El octavo señalamiento 'se refiere a otra alegada indebida admisión hecha por la corte.   Es verdad que tendía a mostrar un título en el demandante, pero no cambiaba la cuestión litigiosa ni perjudicaba, puesto que la posesión del demandante fué suficientemente probada de otro modo.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.