Francisco, Margarita, Manuela y Antonia Oliver Cuveljé, demandantes y apelados, *v.* José González y esposa, Cleofe González, demandados y apelantes.

No. 4304.—*Visto:* Febrero 17, 1928. *Resuelto:* Marzo 28, 1928.

1. Apelación y Error—Revisión—Cuestiones de Hecho, Veredictos y Conclusiones—Conclusiones de la Corte Inferior—Sobre Prueba Contradictoria.—Cuando la prueba es contradictoria e irreconciliable, y el juez inferior actuando discretamente, da mayor peso a la prueba de una de las partes, procede confirmar la apreciación de la evidencia hecha por él.

2. Injunction—Materias Objeto de Protección y Remedio—Bienes, Traspasos y Gravámenes—Injunction para Recobrar o Retener Posesión—De la Demanda.—Una demanda que además de describir la finca principal así como la que fué objeto de actos de perturbación y despojo, expresando estos actos, alega que los demandantes por sí y por sus causantes vienen en posesión de la misma desde hace treinta años y lo están actualmente, expresa hechos suficientes para determinar una causa de acción.

3. Injunction—Materias Objeto de Protección y Remedio—Bienes, Traspasos y Gravámenes—Injunction para Recobrar o Retener Posesión—De la Demanda—En General.—Palabras en alegaciones de la demanda al efecto de que los demandantes ''desde hace más de cinco años'' y ''hace más de treinta años que están en posesión'' suficientemente expresan que dichos demandantes han estado en posesión en el año anterior a dicha demanda.

4. Injunction—Materias Objeto de Protección y Remedio—Bienes, Traspasos y Gravámenes—Injunction para Recobrar o Retener Posesión—Revisión—Errores no Perjudiciales—Admisión de Pruebas.—La admisión, en procedimiento de *injunction* para retener, de una escritura particional y planos de la finca como prueba del título del demandante, aún cuando innecesaria e impropia, no es perjudicial ni constituye error cuando nada hay que demuestre que tal documento y planos han sido los determinantes de la resolución de la corte inferior.

5. Injunction—Materias Objeto de Protección y Remedio—Bienes, Traspasos y Gravámenes—Injunction para Recobrar o Retener Posesión—Cuestiones a Considerar y Resolver.—En caso de interdicto o *injunction* para retener, lo único a discutir es la posesión, no el dominio, y aún ni el título a la posesión.

6. Injunction—Materias Objeto de Protección y Remedio—Bienes, Traspasos y Gravámenes—Injunction para Recobrar o Retener Posesión—Cuestiones a Considerar y Resolver.—En caso de interdicto o *injunction* para retener, el hecho de la posesión, o aún de la tenencia, y no el título en que se basa la tenencia o posesión, es único a discutir.

7. Injunction—Materias Objeto de Protección y Remedio—Bienes, Traspasos y Gravámenes—Injunction para Recobrar o Retener Posesión—Cuestiones a Considerar y Resolver.—Cuando el demandado en su contestación promueve la cuestión de título dominical por prescripción, la corte procede correctamente al no considerar dicha alegación por ser una cuestión para ser presentada y discutida en juicio plenario acerca de la propiedad y no en el sumario de interdicto o *injunction.*

SENTENCIA de *Luis Samalea*, J. (Arecibo), declarando con lugar la demanda, sin costas. *Modificada*, y así *modificada, confirmada*.

*A. Reyes Delgado* y *L. Mercader, abogados* del apelante; *López de Tord & Zayas Pizarro,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Este caso se inició por demanda en *injunction* para retener la posesión, a nombre de Francisco, Margarita, Manuela y Antonia Oliver Cuveljé, y contra José González y su esposa Cleofe González. En la demanda se alegó que los demandantes son dueños de la finca rústica Gripiñas, en el barrio de Jayuya Arriba, término municipal de Utuado, la que se describe en una de las alegaciones, y de la que se alega han estado en posesión material los demandantes desde hace más de cinco años, y lo estaban al tiempo de interponer la demanda, como legítimos dueños; que los demandantes han sido perturbados por los demandados en la posesión y tenencia de una parcela de terreno de dicha finca, cuya parcela, que se conoce por la de Nuez Moscados, y que tiene una medida de 40 cuerdas y 47 centésimas de otra, se describe en la alegación 4; que los demandados viven en la finca Gripiñas como agregados de los demandantes, en una pequeña casa propiedad de éstos, y el demandado José González ha sido utilizado como peón de la finca, y que hace cuatro meses que esos demandados se introducen en la parte Los Nuez Moscados, o las 40 cuerdas, y, contra la voluntad de los demandantes, han recolectado café de las plantaciones allí existentes, e intentan posesionarse del terreno, a lo que se oponen los demandantes, quienes, con excepción de esos actos, por sí y por sus antecesores hace más de treinta años que están en posesión pública, material y no interrumpida de la finca Gripiñas y de la pieza Los Nuez Moscados, que los demandados han manifestado su intención de seguir perturbando a los demandantes en su posesión, y despojarles de ella. Y sobre esas alegaciones solicitaron sentencia prohibiendo a los de-

mandados, por sí, o por otro, entrar en la finca Los Nuez Moscados, e interrumpir u obstaculizar en su posesión a los demandantes, con condena de costas y honorarios de abogado.

En su contestación alegaron los demandados así: Negaron la posesión y dominio de los demandantes en cuanto a la finca Gripiñas y a Los Nuez Moscados, y la perturbación en tal posesión, y que vivieran como agregados en la finca, y todas las demás alegaciones; y como defensa establecieron que hace más de 40 años vienen poseyendo materialmente la finca de 40 cuerdas y 47 centésimas que en la demanda se describe, quieta y públicamente y sin interrupción, sembrando y recolectando café, y otros frutos, y pastos para crianza de ganado y su cuido, siendo la casa propiedad también exclusiva de los demandados, y teniendo la finca una extensión de 50 cuerdas, y otras colindancias, que fijan; y alegaron la prescripción, para el caso de que los demandantes tuvieran algún derecho.

En el juicio la prueba fué contradictoria. De parte de los demandantes declararon varios testigos, que habían sido empleados en la finca Gripiñas, unos como mayordomos, y otros en otras capacidades, y además Francisco Oliver, uno de los demandantes. Ellos dijeron, en resumen, que la finca Los Nuez Moscados es parte de la llamada Gripiñas, que es de los demandantes, quienes, por sí o sus antecesores han estado siempre en posesión de la misma, y lo están; que José González, el demandado, era jornalero de esa finca, y agregado de la misma, y lo mismo la demandada Cleofe González, y sus hijos; que por costumbre de los dueños, se facilitaban casas a los agregados, y en 1907 se permitió a José González y su familia que ocuparan una en la pieza o finca Los Nuez Moscados, cuya casa se recompuso con fondos de Oliver; que a los demandados, y por el administrador de la finca se les facilitaron cerdos y ganado vacuno para cuidarlos a medias, y se les permitió tener su ganado en la finca; que en 1923 los demandantes construyeron

otra casa en la finca para un hijo de los demandados; que éstos y sus hijos dejaron de ser peones de la finca por más de un año, yendo a vivir a otra finca; que en octubre y noviembre de 1926, los demandados entraron en la finca Los Nuez Moscados, y recolectaron para ellos el café, contra la voluntad de los demandantes expresada por medio de su mayordomo, y que ellos han intentado e intentan posesionarse de la citada finca.

Los demandantes presentaron la partición de bienes de la herencia de don Jaime Oliver, y un plano de la finca.

Los demandados presentaron prueba testifical, y sus testigos, en lo esencial, declararon que los demandados viven en esa parcela de terreno desde 1905 ó 1907, en que la heredaron de Pedro José González; que las casas fueron construidas por los demandados con su peculio; que ellos tenían en esa finca ganado de su propiedad, y tenían cuatro o cinco cuerdas de café suyas; que trabajaron en la finca Gripiñas como jornaleros, y lo mismo en otras fincas; y que continúan en la finca, porque les pertenece.

Evidentemente la prueba fué contradictoria, y, como observa el juez sentenciador, irreconciliable. Y en estas condiciones, nadie mejor que el juez *a quo* podía apreciar exactamente la forma de producirse esa prueba; y nadie en mejores condiciones para determinar acerca de la credibilidad y seguridad de los testigos. El Juez de Distrito de Arecibo dió mayor peso a la prueba de los demandantes; y decidió el caso a favor de los mismos.

Es cierto que la prueba del título no debió tenerse en gran consideración, ya que no es una cuestión de propiedad la que en estos casos hay que decidir. Pero no parece que la corte le concedió gran importancia.

La sentencia fué dictada en 23 de marzo de 1927, a favor de los demandantes, sin especial condenación de costas. Y contra ella se interpuso este recurso, por los demandados.

Se señalan por los apelantes varios errores.

[1] En cuanto a los que afectan a la apreciación de la prueba, o sea los que aparecen bajo los números 2 y 6, no vemos corroboración alguna de que la corte actuara bajo prejuicio, o que incurriera en grave error. Nada hay en el récord que señale la más leve sombra de prejuicio por parte del juez. La parte apelante nos ofrece su interpretación de la prueba, y sus puntos de vista en cuanto a algunos testimonios; puntos de vista que no creemos acertados; y que nunca serían suficientes para fundar la alegación de prejuicio. Y en cuanto al supuesto error en la apreciación de la prueba, debemos decir que ésta fué contradictoria, y como el Juez indica, irreconciliable; y el juez dió mayor peso a la de los demandantes, actuando de una manera sumamente discreta. En esas condiciones, tenemos que afirmar la apreciación de la evidencia hecha por el tribunal ante que se desarrolló la prueba, y que estaba en la mejor situación para juzgar de la actitud y seguridad de los testigos.

[2] Se ha señalado como error el de que la corte no desestimó la demanda por falta de hechos suficientes para determinar la causa de acción ejercitada.

La ley que rige estos casos exige dos alegaciones elementales: la de posesión de la finca por el interesado que reclama, durante el año precedente a la demanda, y la de la perturbación o despojo, expresando los hechos en que consistió. Claro es que se precisa, por razones de procedimiento, la descripción de la finca.

En esta demanda se describen la finca principal, Gripiñas, y la que fué objeto de los actos de perturbación y despojo, Nuez Moscados; se alega que los demandantes, por sí y por sus causantes vienen en posesión de la misma desde hace treinta años, y lo están actualmente; y se expresan los actos de perturbación y los propósitos de despojo.

[3] Los apelantes entienden que se debe alegar que los demandantes han estado en posesión en el año anterior a

la demanda. Los demandantes en el número 3 de su demanda dicen:

"Que los aquí demandantes desde hace más de cinco años han estado en posesión material de la finca, que se acaba de describir, y actualmente están en posesión material y como legítimos dueños de dicho inmueble . . ." (Pág. 2 del récord.)

Y luego en la alegación 6:

". . . . los aquí demandantes y sus antecesores en título hace más de 30 años que están en posesión pública, material, pacífica y no interrumpida de la finca Gripiñas, y así mismo de la pieza de terreno denominada Los Nuez Moscados de 40 cuerdas 47 céntimos que forma parte de la finca Gripiñas."

Las palabras "desde hace más de cinco años" y "hace más de treinta años que están en posesión" dan claro el concepto de la posesión no interrumpida, hasta lo menos el momento en que se escriben. Los apelantes afirman que el inciso tercero de la demanda dice "que hace más de cinco años," etc. No es así, por lo que aparece del récord. Las palabras son éstas "desde hace más de cinco años," etc. Y el contexto general de la demanda, confirma que esas son las palabras en realidad escritas en la alegación, y que la copia que se nos ha presentado es fiel y correcta.

Bajo este mismo señalamiento de error se trata por los apelantes de la alegación de que los demandados viven como arrimados o agregados, en una casa en la finca, cuya casa es de los demandantes; y se arguye que si ellos son agregados y tienen en la finca esa casa, es indudable que tienen el derecho de pasar por la finca para entrar en la casa; y entonces el remedio para sacar a los demandados de allí, no es el aquí solicitado, que entonces tendría el alcance de un desahucio en precario.

En la vista de esta apelación la representación de los apelados declaró que no se oponía que los apelantes pasaran por la finca para ir a la casa.

Pero el hecho es que en la demanda con que se inició

este litigio, el fin que se perseguía era el de impedir perturbación en la alegada posesión de la finca Nuez Moscados. Y en ese sentido, la demanda contiene los elementos necesarios, y no adolece del defecto que en la apelación se señala.

[4, 5, 6] Como tercer error se señala la admisión por el tribunal *a quo* de la escritura particional de herencia de Oliver y esposa, y de los planos de la finca.

En realidad, era innecesaria la admisión de esa prueba, en un caso de interdicto o *injunction* para retener, ya que en este sumario procedimiento lo único a discutir es la posesión, no el dominio, y aún ni el título a la posesión. Pero examinando la opinión del juez, no encontramos que ese documento y ese plano hayan sido determinantes de su resolución. Es verdad que en la opinión se dice que la prueba del título "ha contribuido a aclarar y robustecer el caso de los demandantes," y luego, que "en este caso en que aparece que las fechas de las posesiones corren parejas, los demandantes han presentado título." Pero, no vemos para qué fin se pueda decir esto, después de haber declarado la misma corte que siendo la prueba contradictoria e irreconciliable (refiriéndose a la testifical, que versó sobre la posesión) se da más peso a la de los demandantes. Decidido el caso sobre esa base, no hay necesidad de tocar la prueba documental, que en estos pleitos tiene la gran mayoría de probabilidades de ser impropia. En el interdicto de retener y recobrar, de la Ley de Enjuiciamiento Civil de España, del que, a nuestro juicio, se tomó este *injunction,* existe la prohibición al juez de admitir cualquier prueba que no se refiera a la posesión o tenencia, y al acto, o actos, de despojo o de perturbación (artículos 1656 y 1652, ley citada). En nuestra ley no aparece esa prohibición expresa, lo que ha ocasionado, en algunas ocasiones, una lenidad o tolerancia de parte de los tribunales, en la admisión de prueba; lenidad y tolerancia que quizá no hubiera existido si los tribunales en esos casos se ampara-

ran en que la ley que establece estos *injunctions* exige como elementos de la demanda, los mismos de alegación de la posesión, y su época, y de acto de perturbación, o de despojo, y aplicando lo preceptuado en el artículo 34 de la Ley de Evidencia, sólo admitieran la prueba propia de esas alegaciones.

La admisión de esa prueba documental, si bien innecesaria, no fué de perjuicio para los demandados, y no constituye error. En la decisión en el caso *Alfaro* v. *Alonso*, 27 D.P.R. 56, este tribunal declaró que no era necesario probar el derecho por el que el demandante estaba en posesión; y por ello declaró innecesaria la presentación de la escritura. La opinión de este tribunal no debe ser interpretada extendiéndola más allá de lo que ella misma dice y contiene. Se declaró que esa prueba *no era necesaria;* y esto era lo lógico, ya que el tribunal reafirmaba la doctrina constante de que el hecho de la posesión, o aún, de la tenencia, y no el título en que se basa la tenencia o la posesión, era el objeto de este procedimiento; por lo que la prueba del *derecho o la posesión no era necesaria.*

[7] Como cuarto error se señala la declaración de la corte de que los demandados están impedidos de alegar la prescripción.

Los demandados formularon esa alegación así:

"2o. Que si los demandantes tuvieran algún derecho a la porción indicada en el hecho 4o. de la demanda, estaría ya prescrito a virtud del art. 1860 del Código Civil de Puerto Rico.''

El artículo 1860 de nuestro Código Civil dice:

"Se prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en el artículo 546 de la segunda sección del Capítulo I, Título VII del Libro Segundo de este Código.''

Este artículo forma parte del Capítulo II, Título XVIII, Libro IV del Código.

De los dos aspectos de la prescripción, el uno, la prescripción adquisitiva, no es otra cosa que un modo de adquirir el dominio y los derechos reales, como lo expresa el artículo 1831, primer párrafo, que dice:

"Por la prescripción se adquieren, de la manera y con las condiciones determinadas en la ley, el dominio y demás derechos reales."

Y el artículo 1860 que se cita es precisamente, de los que tratan de la prescripción como título para adquirir el dominio.

Los demandados, desde la contestación promueven la cuestión de título dominical, y se apartan de la esfera propia del *injunction* o interdicto, que es la de la por los autores llamada "protección posesoria."

La corte procedió con toda corrección y acierto al no dar consideración a esta alegación, que sería quizá para presentarla y discutirla en un juicio plenario acerca de la propiedad, pero no en el sumario de injunction o interdicto.

Este tribunal ha resuelto en el caso *Ortiz* v. *Silva,* 28 D.P.R. 384, que en estos casos sólo está envuelto el derecho inmediato a la posesión, eliminando la superioridad del título.

Basta que se alegue y se pruebe la posesión en el período próximo a que la ley se refiere, para que el caso esté bien presentado, y pueda ser justamente decidido. Si el demandado alegara que la parte demandante no estuvo en posesión en el año próximo anterior a la demanda, y probara ese hecho, esto sería bastante para destruir la fuerza de la demanda, aunque la parte demandante, antes de esa época, hubiera venido en constante posesión.

La alegación de prescripción en este caso no era de considerarse, y pudo ser eliminada.

El quinto error señalado, no es tal. La corte de distrito no juzgó el caso por el mejor título de los demandantes, sino por el peso de la prueba testifical referente a la posesión, dando más crédito a la de los demandantes.

En cuanto al señalado como sexto error, ya hemos tra-

trado de él en esta opinión. No podemos ver el elemento de prejuicio que se alega. Encontramos que el juez de distrito. hizo un detenido, imparcial, sereno, estudio de la prueba, y decidió de acuerdo con los buenos principios y ejerciendo sana discreción jurídica en la apreciación de la misma, de acuerdo con el artículo 162 de la Ley de Evidencia.

Como séptimo error se señala la admisión de nuevas declaraciones de los testigos Oliver y Carreras.

El artículo 157 de la Ley de Evidencia dispone que una vez examinado un testigo no podrá volvérsele a examinar sobre el mismo asunto, sin consentimiento del tribunal.

Pero en este caso, del récord taquigráfico (página 172) aparece que el abogado de los demandados hizo oposición a que el testigo Carreras declarara respecto a algunos extremos, y el juez consintió que siguiera declarando, sin que la parte tomara excepción; y, por el contrario, la representación de los demandados, contra-interrogó al testigo acerca de los mismos extremos objeto de su declaración (págs. 173 y 174, récord taquigráfico).

En cuanto a la segunda declaración del Sr. Oliver, (páginas 37 y 38, récord taquigráfico) ella se refirió más bien a un plano, y luego a extremos de que no se había tratado en la primera declaración. El abogado Sr. Mercader, por los demandados, hizo oposición a que declarara este testigo, pero el testigo siguió en su declaración, y la parte demandada no pidió regla expresa de la corte, ni tomó excepción. Y en cuanto a la segunda vez que compareció el testigo Carreras en la prueba directa principal de los demandantes (páginas 40, 41 y 42, récord taquigráfico) más que para otra cosa fué para identificar un plano, a cuya admisión se opuso la representación de los demandados.

No encontramos error alguno en la admisión de estas declaraciones, ni vemos que la parte ahora apelante preparara, con su excepción, la formalización de este supuesto error.

Con estos antecedentes entendemos que no cabe revocar la sentencia de que se trata; pero dada la manifestación de la parte apelada con respecto a que no pretenda impedir que los demandados pasen por la finca para entrar en la casa, *debe modificarse la sentencia en el sentido de que ella no impide tal paso de los demandados, y, con esa modificación confirmarse.*