THE FAJARDO SUGAR GROWERS ASSOCIATION, demandante y apelada, *v.* CENTRAL PASTO VIEJO, INC., THE UNITED PORTO RICAN SUGAR CO., JOSÉ LUGO y PABLO BRAVO, demandados y apelados.

No. 4924.—*Sometido*: Diciembre 4, 1929. *Resuelto*: Febrero 13, 1931.

*Joaquín Vendrell,* abogado de los apelantes; *Arturo Aponte,* abogado de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

De las alegaciones de la demanda en este caso aparece que la demandante posee en arrendamiento una finca en el barrio Guayacán, término de Ceiba, colindante por el oeste con la hacienda ''Oriente'' que está en posesión de la demandada Central Pasto Viejo, Inc., desde el 30 de junio de 1928, por virtud de un arrendamiento; que entre esas fincas desde hace más de treinta años, y aun por tiempo inmemorial, existe un camino de seis metros de ancho, que conduce desde el mar hasta la carretera de Ceiba a Naguabo, atravesando la hacienda ''Oriente'', y que ha sido utilizado por la demandante desde hace más de veinte años, poseyéndolo todo ese tiempo, para las necesidades o servicio de su finca; que las demandadas Central Pasto Viejo, Inc., y United Porto Rican Sugar Co., mediante sus empleados José Lugo y Pablo Bravo desde los últimos días de julio, 1928, valiéndose de peones y empleados han impedido a la demandante el uso del camino, cercándolo con alambre de púas en la parte que colinda con la hacienda ''Oriente'', y que habiendo la demandante hecho derribar la cerca, los demandados amenazaron ponerla de nuevo, y se están preparando a hacerlo, privando a la demandante de la posesión y disfrute del camino. Fundándose en esos hechos pidió la demandante una resolución por la que se la amparara en la posesión y se ordenara a los demandados la abstención de todo acto de perturbación en tal posesión.

Los demandados, en su contestación, negaron los hechos

esenciales de la demanda, que les perjudicaban, y, como defensa, alegaron que la demandante ha tenido en arrendamiento la hacienda "Oriente" hasta el 30 de junio de 1928, y en ese concepto ha disfrutado el servicio de callejones, veredas y caminos para la conducción de frutos y materiales, sin que en ningún tiempo hayan abierto los dueños anteriores, ni los actuales, de esa finca, camino alguno sobre ella para el servicio exclusivo de la demandante, o de persona alguna.

Fué el caso a juicio; se presentó y practicó la prueba de las partes, incluyendo la inspección ocular; y la Corte de Distrito de Humacao, dictó sentencia declarando con lugar la demanda y ordenando a los demandados se abstengan de actos de perturbación en la posesión de la demandante. Y ésta es la sentencia apelada.

◼◼ La parte apelante señala en su alegato un error, el así formulado:

"La Corte de Distrito del Distrito Judicial de Humacao cometió error al dictar su sentencia declarando con lugar la demanda porque tal sentencia es contraria a las pruebas practicadas y a la Ley No. 43 proveyendo el procedimiento para recobrar la posesión de propiedad inmueble, según quedó enmendada por la ley de fecha 14 de noviembre de 1917.''

Como se percibe por la simple lectura de este señalamiento, se ofrecen con él dos cuestiones: una de apreciación de prueba, y la otra de error en derecho. No es la forma más apropiada la de presentar las cuestiones unidas y en bloque.

Parece que la principal contención de la apelante es que la demandante Fajardo Sugar Growers Association venía disfrutando varios callejones y caminos como arrendataria de la Hacienda Oriente, y que ese arrendamiento cesó. La demandante ha venido sosteniendo que estaba en posesión del camino cuando se realizaron los actos de perturbación, y por veinte años antes; y que lo estaba como arrendataria de la finca en el barrio de Guayacán, que en la demanda se describe

como compuesta de 350 cuerdas de terreno, y colindando por su oeste con la Hacienda Oriente. La demandada alegó que nunca se había abierto en la "Oriente" camino alguno que discurriera por esa finca, para uso exclusivo de la demandante, o de cualquiera otra entidad.

En la opinión de la corte sentenciadora se da por probado que la demandante y sus causantes tuvieron en arrendamiento la Hacienda Oriente hasta primero de julio de 1928, y que tuvo por veinte años el uso de dicha finca en arrendamiento, y por virtud del mismo ha venido durante ese tiempo disfrutando el camino de que se trata, "el cual conserva realizando en él obras de desagüe tales como alcantarillas, y además la construcción de puentes para el paso de vías del ferrocarril que explotaba la demandante para el transporte de sus cañas." Y se dice, además, lo siguiente:

"No hay contención alguna en este caso en cuanto a la posesión como un hecho, pues se acepta que ésta ha existido por varios años en poder de la demandante y sus causantes, si bien se sostiene que ha sido en concepto de arrendamiento, el cual ha cesado actualmente."

Y la parte apelante, en su alegato dice:

"Como puede apreciarse del extracto que hemos hecho de las declaraciones de los testigos que fueron utilizados por ambas partes durante la vista del caso, la demandante-apelada, Fajardo Sugar Growers Association, computando el término de posesión de sus antecesores en título, de las fincas Guayacán y Oriente, estuvo disfrutando dicha posesión a título de arrendamiento, arrendamiento que venció el 30 de junio de 1928.

"La posesión que alega la demandante-apelada del camino en cuestión, no es consecuencia de un hecho aislado de la misma demandante-apelada, sino que proviene del contrato de arrendamiento celebrado con los causahabientes de dicha demandante, y después de la misma demandante con el dueño o dueños de la finca Oriente, y como tal arrendataria, naturalmente tenía derecho a disfrutar de la totalidad de la finca, con las reservas y limitaciones estipuladas en el contrato de arrendamiento y obligada a su vez a entregar la totalidad de la finca en la misma forma que la recibió.

Como punto de partida, tenemos que, en realidad, se ad-

mite el hecho de la posesión; y se discute el origen (título) de la misma, y la extinción de dicho título por expiración del arrendamiento. Tanto que la misma parte apelante, argumentando, dice:

"Si el derecho posesorio de la demandante cesó con el término del arrendamiento, ¿cómo podemos admitir que subsista esta posesión como hecho, cuando la posesión de la finca Oriente, con todas sus dependencias, caminos, veredas y cualquier clase de servidumbre, existentes en la misma finca, la estuvo disfrutando por un título de arrendamiento constituído por el dueño o dueños de la finca?"

Aparece claramente que se trata por la apelante de discutir el título a la posesión. Toda la cuestión, en cuanto a este extremo, se refiere a la existencia de la posesión en concepto de arrendataria, y a su cesación una vez que terminó el arrendamiento, y como consecuencia legal de tal expiración de término. Pero, la cuestión en estos interdictos o *injunctions,* no es una de título, y de deducciones legales; es una de hecho y como tal debe ser tratada en este procedimiento. En varias ocasiones ha dicho este Tribunal Supremo, que no es necesario en los interdictos probar el derecho a la posesión; así, en el caso *Alfaro* v. *Alonso,* 27 D.P.R. 56, se declaró que la prueba del derecho por el que el demandante está en posesión no es necesaria.

Es indudable que este interdicto ha sido tomado de la legislación procesal española. En ésta (Ley de Enjuiciamiento Civil para Cuba y Puerto Rico, artículo 1654) se prohibía al juez admitir prueba cualquiera que no se refiera a la posesión o tenencia, y a los actos de despojo o de perturbación. En nuestra ley primera, la No. 43 de 1913, la sección 1, da el interdicto en favor de la parte que demuestre haber sido privada *de la posesión material* por actos violentos o fraudulentos de la otra parte. En la ley No. 11, de 14 de noviembre de 1917, ya se toma el concepto igual al del artículo 1649, de la Ley de Enjuiciamiento Civil para Cuba y Puerto Rico, y se concede el remedio legal al que ha sido

*"perturbado en la posesión o tenencia"* y para recobrar, no el título o el derecho, sino la posesión material.

Lo que se intenta, y se logra, por medio de ese procedimiento sumario, en el que ni se discute ni se decide el título, es lo que los autores llaman la protección posesoria. Todo poseedor tiene derecho a que se le respete en su posesión; tal es el concepto legal contenido en el artículo 448 del Código Civil de Puerto Rico. En el poseedor hay un presunto dueño; y en la posesión hay un estado de hecho a respetar por todos y a ser mantenido por la ley.

Manresa, al tratar de los interdictos, ha dicho:

"No cabe duda, por lo tanto, de que lo mismo el poseedor civil que el poseedor natural, lo mismo el que posee en concepto de dueño, que el que posee en concepto de no dueño, pueden ejercitar interdictos." Manresa, Comentarios al Código Civil, Tomo 4, cuarta edición, página 218.

La ley ha ido más allá de lo que va el comentarista, y ha facultado para el interdicto, no sólo al poseedor, sino al tenedor de la cosa. Así se ha dicho por el Tribunal Supremo de España en sentencia de 1 de abril de 1884, Andrés Fernández Conceiro y su esposa contra Ignacio Conceiro. Dijo el tribunal:

"Considerando que con arreglo al artículo 724 de la ley de Enjuiciamiento civil de 1885, que se invoca en el recurso, el interdicto de recobrar no sólo compete a los que tienen la posesión jurídica, sino también a los que se hallan en la *tenencia* de la cosa, o, lo que es lo mismo, en la simple ocupación actual y corporal de ella, con derecho o sin él, como claramente lo demuestra el texto de dicho artículo al emplear las palabras *posesión o tenencia,* que tienen distinta significación en el lenguaje forense, y en el común."

En el caso *Ortiz* v. *Silva,* 28 D.P.R. 384, sostuvo este tribunal que en los procedimientos de *injunction* para recobrar la posesión no puede resolverse un conflicto de título, por hallarse envuelto "el derecho de posesión". Y en *Solís* v. *Castro,* 36 D.P.R. 105, se dijo:

". . . . pero en los *injunctions* para retener y recobrar la pose-

sión, lo que se dilucida es simplemente una cuestión de hecho, y no de derecho, y su esfera de acción está bien limitada.''

En el caso *Vicente* v. *Ortiz, Comisionado de Sanidad,* 38 D.P.R. 106, hemos dicho:

''En vista de que el procedimiento de injunction para recobrar la posesión se está convirtiendo en pleitos sobre propiedad alegándose títulos, presentándose planos de las fincas y haciéndolos tan voluminosos como los pleitos de reivindicación, queremos decir una vez más, como hemos declarado otras veces, que la única cuestión en estos injunctions es si el demandante tenía la posesión o tenencia material de la cosa de que ha sido perturbado o despojado en el año precedente a la presentación de la demanda y si tal despojo existió, y que la contestación debe limitarse a admitir o negar la posesión alegada por el demandante y los actos de despojo o perturbación de que se queja, pues como la posesión como hecho, no puede estar en dos personalidades distintas a un mismo tiempo, fuera de los casos de indivisibilidad, debe ser cuestión de alegación y de prueba únicamente y de decisión por el tribunal si el demandante tenía o no la posesión y si teniéndola fué despojado de ella o perturbado en la misma por el demandado. Eso es todo en estos pleitos pues la cuestión del derecho con que se posee y la de hasta donde lleguen las respectivas fincas no es materia propia de estos procedimientos sino de los juicios plenarios sobre propiedad, y por esto las partes y las cortes deberán limitar las presentes contiendas a la sola posesión y a su despojo o perturbación.''

Esta es la jurisprudencia, y ésa es la doctrina de los tratadistas. La ley encuentra en la posesión un estado de hecho que tiene en sí el germen del supremo derecho de dominio, o que ha nacido con él y es su externa y visible manifestación. Sin la garantía de que el poseedor sea, como dice nuestro Código Civil en su artículo 448, no ya amparado o reconocido sino ''*respetado en su posesión*'', no tendrá razón de ser que ella ocupara un lugar en la vida social, en la vida económica, y en la vida jurídica de los pueblos. Y en consecuencia la ley provee al respeto de la posesión, no sólo de aquélla, rodeada de todos los atributos y requisitos necesarios para engendrar el dominio, sino de la que no es, en su apariencia, más que la simple tenencia de la cosa, con o sin título. Y así

el artículo 443 del Código Civil consagra ese respeto a la posesión en esta forma:

"Un arrendatario que carece de remedio adecuado en ley, y a quien se inquieta en la posesión de la finca arrendada, puede acudir al procedimiento de injunction, para impedir repetidos actos de despojo. . . ."

En la sentencia dictada por el Tribunal Supremo de España en 21 de noviembre de 1904, publicada el 4 de diciembre del mismo año, en pleito entre Don José Parcerisa contra Don José Bonet, se tiene como definitivo que el arrendatario tiene el derecho a interponer y seguir el interdicto de recobrar la posesión, y se dice:

"Considerando además que, establecido que todo poseedor, cuyo carácter tiene el tenedor de la cosa para su disfrute, aunque pertenezca el dominio a otra persona, tiene derecho a ser respetado en su posesión, y si fuese inquietado en ella, deberá ser amparado por los medios que las leyes de procedimientos establecen, vienen estas disposiciones, contenidas en los artículos 446 y 432 del mismo Código y 1631 de la ley de Enjuiciamiento, a corroborar el sentido del propio derecho sentado en el considerando anterior."

El derecho, esencialmente, arranca del artículo 1560 del Código Civil Español, el que es igual al 1463 de nuestro Código, que dice:

"Art. 1463.—El arrendador no está obligado a responder de la perturbación de mero hecho que un tercero causare en el uso de la finca arrendada; pero el arrendatario tendrá acción directa contra el perturbador."

No quiere esto decir que el arrendador no tenga el derecho perfecto de interponer, si le acomoda, el interdicto o cualquiera otra acción; lo que el Código dice es que "no está obligado a responder", dejando así en libertad al arrendatario, poseedor en alguna forma, para ejercitar la acción necesaria. En la armónica relación que existe entre los preceptos del Código Civil ese artículo no puede ser estudiado sino a la luz de los artículos 435 y 448 del mismo texto legal, a que ya nos hemos referido.

■ En cuanto a la apreciación de la prueba, y teniendo en cuenta que en ella existe conflicto a resolver, y que la corte la apreció en su conjunto, no encontramos error alguno. La demandante, en su prueba testifical presentó las declaraciones de Luis de Celis, Francisco Cruz, W. Crager, Rafael López, Nicolás Alturet y Severiano Soto para acreditar la existencia del camino alegado en la demanda, la construcción, entretenimiento y reparación de puentes de concreto y de madera, por la Fajardo, en ese camino, su uso constante por la misma central para paso de peonaje y de arrastre, y su cierre en la Oriente por la demandada en 30 o 31 de julio. A más se practicó una inspección ocular. La demandada presentó su prueba testifical para demostrar que no existía ese camino, al menos, como tal, sino un callejón, cuyo uso sólo se establecía por permiso del Sr. Sandoz y que había otros caminos, que eran los usados.

En *rebuttal* la demandante presentó otro testigo; y a más una escritura otorgada en 5 de agosto de 1910, entre Don Pablo Sandoz, Doña Demetria Sandoz, Don Luis Riefkohl, y la Fajardo Development Co., en la que hay una cláusula que dice:

"Asimismo se obliga la compañía compradora a afirmar y arreglar el camino o callejón que existe en el sitio denominado 'Guayacán', de tal manera que puedan pasar dos carros."

Y además una carta de Doña Demetria S. viuda de Sandoz a Fajardo Sugar Co., de 16 de agosto de 1923, que dice:

"The Fajardo Sugar Co., Fajardo, P. R. Muy Señores míos y amigos: Acuso recibo de su atta. fecha 9 del corriente mes y refiriéndome a su contenido les manifiesto que el recibo de la contribución de herencia está en poder del Registrador de Humacao. Tan pronto me sea devuelto junto con la inscripción de partición de bienes de la sucesión se los remitiré.

"Aprovecho esta ocasión para manifestarles que según último contrato está especificado el arreglo del camino del Daguao hasta mi residencia. Hasta la fecha, nada se ha hecho. Les agradeceré me in-

formen por escrito si piensan hacer dicho arreglo. De Ud. atta. amiga y S. S., (firmada) D. S. Vda. de Sandoz.''

'' (Hay una nota en el encabezado de la carta que dice: 'Mr. Veve: Vea el contrato. Creo tiene razón Doña Demetria.' J. B. A.)''

■ En apoyo de esta opinión debemos citar aquí un párrafo de la decisión en el caso *Fernández Reyes* v. *González Betancourt,* resuelto por este tribunal en 30 de enero de 1931:

''La posesión actual o mera tenencia puede ser en la cosa o en el disfrute de un derecho, según el artículo 443 del Código Civil, y por esto la posesión o tenencia del uso de una servidumbre puede ser objeto del procedimiento de injunction para recobrar la posesión. Que la posesión de una servidumbre de paso por un camino privado que atraviesa la finca de un demandado puede ser recobrada por medio de injunction o interdicto establecido por la ley para recobrar la posesión, es cuestión resuelta desde el año 1878 por el Tribunal Supremo de España, tomo 42 Jurisprudencia Civil, pág. 523, pues habiéndose alegado que tal interdicto se da contra el despojo de cosa pero no de derechos, dicho tribunal declaró insostenible ese motivo porque bajo el nombre de posesión se entiende comprendida la cuasi posesión para los efectos de esa clase de interdictos que afecta a la cosa corporal que se posee como también a un derecho de servidumbre que se ejercita o cuasi se posee. Y en la de 1881, tomo 47 Jurisprudencia Civil, pág. 100, el mismo tribunal en un caso en que se atacó un interdicto concedido para recobrar una servidumbre, dijo: 'Que conforme a la jurisprudencia constante del Tribunal Supremo, fundada, entre otras leyes, en la 1ª., tít. 30, Partida 3ª., el interdicto de recobrar es procedente siempre que se prive a cualquiera de cosas muebles o raíces, o del ejercicio de un derecho; pues que resolviéndose en esta clase de juicios sumarísimos cuestiones de orden público, lo mismo se afecta privando a uno con violencia o clandestinamente de una cosa corporal que poseía, como de un derecho de que cuasi poseía'. Esas sentencias fueron citadas y seguidas por nosotros en el caso de *Echevarría vda. de Subirá* v. *Saurí,* 38 D.P.R. 745, antes citado, en el que se declaró con lugar un injunction o interdicto para recobrar la posesión de una servidumbre de paso.''

*La sentencia apelada debe ser confirmada.*
El Juez Asociado Señor Wolf disintió.*

---

* NOTA: Véase el prefacio.