JUAN, JOSÉ, FRANCISCA, PEDRO, PLÁCIDO y RAMÓN ARRACHE BATTISTINI, demandantes y apelantes, *v.* MICAELA MÉNDEZ, conocida por "QUELA", demandada y apelada.

No. 5471.—*Sometido:* Mayo 26, 1931. *Resuelto:* Mayo 31, 1932.

*E. Arrache Battistini* y *Francisco A. González Suárez,* abogados de los apelantes; *José Varay, Jr.,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un interdicto para recobrar la posesión de una finca

ubicada en el Barrio Montaña, de Aguadilla. La corte resolvió el caso a favor de la demandada. Con relación a los hechos, la corte inferior, después de revisar las alegaciones, resolvió que la demandada muchos años antes había vivido en dicha finca en compañía de su padre y con posterioridad a la muerte de éste; que como cabeza de familia ella continuó viviendo en una finca compuesta de dos cuerdas, objeto de este litigio, cercada de "malla" y conteniendo árboles frutales y cocoteros, dedicada por la ocupante al cultivo de frutos menores; que antes de septiembre 13 de 1928, uno de los demandantes le propuso cierto negocio a virtud del cual la demandada debía trasladar su casa a otros terrenos, no llegándose a acuerdo alguno sobre el particular; que el ciclón de 1928 destruyó la casa de la demandada y que dentro de la descrita parcela de terreno levantó ella un rancho debajo de un árbol y poco después construyó una casa en el mismo terreno, ocupada por ella en la época en que se presentó la demanda.

La corte procedió a examinar la prueba para ver si la demandada estaba meramente viviendo en la finca con el consentimiento de los demandantes y entonces llegó a la conclusión de que a este respecto bastaba la prueba de los mismos demandantes, cuyos testigos manifestaron que la finca era una herencia del padre de la demandada, quien la vendió a los demandantes, a pesar de lo cual ellos permitieron a la demandada que sembrara y cosechara sus frutos; que los demandantes cogían los cocos producidos por las palmas que se hallaban sembradas en el predio de dos cuerdas y que ellos también abrieron una acequia que atravesaba dicha parcela. La corte entonces resolvió que de estos hechos se desprendía que la situación de la demandada era enteramente distinta a la que los demandantes trataban de alegar; que la finca de la demandada estaba perfectamente cercada y que si bien otros agregados estaban en posesión de pequeñas parcelas de terreno que contenían cocoteros, la finca ocupada por la demandada contenía además varios frutos cultivados por ella exclusivamente;

y que si ella accedió a que se abriera ese canal o que se continuara el mismo a través de sus dos cuerdas, esto se debía al hecho de que el canal beneficiaba sus tierras y era conveniente para ella.

La corte entonces resolvió que los actos a virtud de los cuales los demandantes trataban de obtener posesión de la finca, cesaron antes del 13 de septiembre de 1928, y que la demanda original en este caso no fué radicada antes del 27 de septiembre de 1929.

Creemos que los hechos que declaró probados la corte inferior fueron suficientemente demostrados por la prueba, y no hallamos que aquélla incurriera en pasión o prejuicio.

■■ Durante el juicio los demandantes solicitaron se dictara sentencia sobre las alegaciones, fundándose en que la contestación contenía negaciones que envolvían afirmativas (*negative pregnants*). La corte declaró sin lugar la moción basándose en que se trataba de un procedimiento sumario en que la corte no creía que debía ser estricta, sino que debía dar a la demandada el beneficio de la duda en lo referente a negaciones que envolvían afirmativas; que no se trataba de un caso similar a los de cobro de dinero en que la contestación fácilmente podía contener una negación de aquella naturaleza. Además, la apelada indica que interpretando liberalmente la contestación podía considerarse que ésta negaba suficientemente, en tanto fuera necesario, los hechos de la demanda.

Hallamos que es innecesario considerar con alguna amplitud la cuestión relativa a negaciones en forma afirmativa, ya que consideramos que la demanda misma no aduce causa de acción. La demanda decía, en efecto, que hasta el 29 de septiembre de 1928, los demandantes estuvieron en posesión de una parcela de terreno (describiéndola); que en dicha parcela, con el consentimiento, tolerancia y licencia de los demandantes, vivía la demandada, y también con licencia de los demandantes cultivaba la descrita parcela; que a fines de agosto o principios de septiembre de 1928, los demandantes notifica-

ron a la demandada que en lo sucesivo no podría ella seguir viviendo en dicho predio de terreno; que le ofrecieron dos sitios distintos en el mismo barrio para que la demandada situara su casa y le ofrecieron también hacerle el traslado de la misma; que la demandada solicitó unos días de plazo para decidir el curso a seguir, pero que el 13 de septiembre de 1928, la casa de la demandada fué destruída por el ciclón; que los demandantes informaron a la demandada que no podía construir nuevamente su casa en el referido predio de terreno ni seguir cultivándolo; que a pesar de dicha advertencia la demandada reconstruyó su casa en la descrita parcela; que la demandada está en posesión de la susodicha finca desde el 29 de septiembre de 1928, contra la voluntad de los demandantes, y desde esa fecha ha venido cultivándola también contra la voluntad de ellos.

■ De la lectura de esta demanda se hace evidente que la posesión material y absoluta por parte de la demandada es admitida hasta septiembre 18 o en cualquier otro tiempo. Tenemos la idea de que no procede un interdicto para hacer mudar a un agregado o a una persona a quien se permite cultivar y vivir en los terrenos de determinado dueño. Tal posesión por parte de un demandado participa de la naturaleza de una posesión en precario y no procede una acción posesoria para desahuciar a tal persona. Por tanto, en nuestro criterio, la demanda deja de aducir causa de acción y las supuestas negaciones que envolvían afirmativas no tenían importancia.

Igualmente podemos decir que como la demanda no adujo ni podía aducir una causa de acción, la sentencia debe ser confirmada solamente por este motivo.

■ Hubo otros dos señalamientos de error. Uno de ellos se refería a la negativa de la corte a admitir un certificado del registro de la propiedad para probar el dominio de los demandantes del terreno que trataban de reivindicar. Cuando se necesita un título para probar la posesión, quizá pueda ad-

mitirse un documento, mas convenimos con la corte inferior en que en esta clase de procedimientos no deben probarse títulos, y el caso no presentaba excepción alguna. De todos modos, de acuerdo con los hechos de este caso, no hubo perjuicio. El tercer señalamiento, en que se alega que la corte erró al no admitir en refutación cierta prueba documental, no es suficientemente específico, comprende una cuestión similar a la del segundo señalamiento, y no necesita ser discutido.

*Debe confirmarse la sentencia.*

El Juez Asociado Señor Córdova Dávila no intervino.