MIGUEL BUXEDA, JR., demandante y apelado, *v.* MODESTO ESCALERA FALÚ, JUANA FRANSI HAY, PABLO PÉREZ, ANGELA MORALES, LUIS MARTÍNEZ y CARMEN GONZÁLEZ, demandados y apelantes.

No. 6353.—*Sometido:* Mayo 24, 1934. *Resuelto:* Noviembre 15, 1934.

*R. Díaz Cintrón,* abogado de los apelantes; *R. Ramírez Pabón,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de un *injunction* para recobrar la posesión de propiedad inmueble. Los demandados solicitaron la eliminación de ciertos particulares de la demanda, excepcionaron ésta y la contestaron negando sus hechos y alegando materia nueva constitutiva de oposición y defensas especiales. La moción eliminatoria y las excepciones previas fueron declaradas sin lugar, y la materia nueva eliminada. Practicóse la prueba y la corte falló el pleito en favor del demandante. La relación del caso y opinión en que fundó su sentencia, dice:

"Se ha establecido en este caso una petición de *injunction* para recobrar la posesión de cierto solar que se describe en la demanda. Los demandados radicaron excepción previa y contestaron. La excepción previa carece de mérito pues la demanda, aunque no es un modelo de perfección por alegarse en la misma indebidamente cuestiones de título, sin embargo, contiene las alegaciones necesarias a toda petición de *injunction* para recobrar la posesión, o sea, que el demandante, dentro del año precedente a la presentación de la demanda, estaba en la posesión real del solar que en la misma se describe; que ha sido despojado de dicha posesión y tenencia, describiendo claramente los actos constitutivos de despojo y que dichos actos fueron realizados por los demás demandados por orden del demandado Modesto Escalera.

"Celebrada la vista del caso al que asistieron ambas partes representadas por sus respectivos abogados, quedó satisfactoriamente probado que el demandante tomó posesión del solar en cuestión el día 3 de febrero de 1932, y que estuvo en posesión del mismo hasta el 16 de octubre último en que fué despojado por los demandados, quienes empezaron a construir casas en dicho solar, y al ser requeridos por el demandante para que suspendieran las obras y desalojaran la propiedad, alegaron que habían sido autorizados para ello por Modesto Escalera y no hicieron caso de los requerimientos del demandante. Los actos realizados por el demandante, demostrativos de haber estado en posesión material del inmueble, consisten en haber medido el mismo en compañía de un agrimensor, puesto tubos en la tierra para marcar los puntos y haber vendido parte del solar a un tal Jesús Gómez, quien está en posesión del solar que le vendió el demandante.

"Tratándose, como se trata, de un solar sin edificación alguna, entendemos que los actos de posesión realizados por el demandante son suficientes para demostrar que estuvo en posesión material o real del solar durante el tiempo que se alega en la demanda.

"Con esta prueba por base, entiende la Corte que procede en este caso una sentencia declarando con lugar la demanda . . . ."

No conformes los demandados apelaron para ante esta Corte Suprema señalando la comisión de seis errores, sosteniendo por el primero que la corte de distrito se equivocó al declarar sin lugar su moción eliminatoria. No estamos convencidos de que la eliminación procediera porque al alegar el demandante en su demanda la compra del solar en cues-

tión al demandado Escalera y la segregación de una porción del mismo vendida a J. C. Gómez, lo que hizo fué dar color a la posesión material alegada como fundamento de su acción y sentar las bases para una descripción perfecta de la finca reclamada. Pero aunque el error se hubiera cometido, no sería perjudicial. *Oliver Cuveljé* v. *González,* 37 D.P.R. 936.

Por el segundo señalamiento se imputa error a la corte de distrito al desestimar las excepciones previas de falta de hechos suficientes para constituir una causa de acción y de indebida acumulación de acciones.

En demandas de esta naturaleza de acuerdo con la ley que las regula—Ley No. 43 de 1913 (pág. 85) enmendada por la No. 11 de 1917 ((2) pág. 221)—debe hacerse constar que el demandante dentro del año anterior a su interposición, estaba en posesión de la propiedad en disputa y que fué despojado de o perturbado en su posesión, describiéndose claramente los hechos constitutivos de la perturbación o el despojo. Y examinada la demanda que es base de este pleito se encuentra que cumple con todos dichos requisitos.

No se ejercitan en la demanda varias causas de acción. No puede concluirse, como insinúan los apelantes, que se trata de una acción reivindicatoria y de otra de desahucio. Sencillamente surge de los hechos la acción posesoria. El demandante compró la propiedad a uno de los propios demandados, Escalera. Tomó posesión material de la misma mensurándola y deslindándola y sin su consentimiento y contra su voluntad el demandado Escalera dentro del año anterior a la fecha de la interposición de la demanda, se introdujo en la finca y la arrendó a los otros demandados que comenzaron a edificar sus casas en ella también sin el consentimiento y contra la voluntad del demandante, y éste, de acuerdo con el precepto terminante de la ley, pide a la corte que lo ampare y ordene que se le restituya la posesión de que fué privado de tal modo. No hubo error.

Por el tercer señalamiento y por el quinto se sostiene

que la corte de distrito erró al eliminar la materia nueva contenida en la contestación y al no permitir al abogado de los demandados que hiciera ciertas repreguntas al demandante cuando declaraba en el juicio como su único testigo.

En la materia nueva se alegó en resumen que en la Corte Municipal de San Juan se siguió un pleito por el demandante Buxeda contra el demandado Escalera en cobro de $405 en el que obtuvo el demandante sentencia a su favor; que Buxeda convino con Escalera en aceptar en pago de la sentencia cuatrocientos cinco metros cuadrados de terreno y a tal efecto Escalera que tiene noventa y dos años de edad y apenas sabe firmar fué llevado por Buxeda donde un notario para otorgar la escritura que en efecto se otorgó firmándola Escalera en la creencia de que se trataba sólo de los cuatrocientos cinco metros de terreno convenidos, y que más tarde Buxeda quiso tomar posesión de mil cuatrocientos veinte y cinco metros y Escalera se opuso, estando conforme en que tomara posesión de los cuatrocientos cinco que en realidad le vendiera.

Basta la mera exposición de esos hechos para concluir que estuvo bien decretada la eliminación. Repetidamente se ha decidido por esta Corte Suprema interpretando la antigua ley sobre interdictos y la moderna sobre *injunctions* de esta naturaleza, que lo único que en ellos está envuelta es la posesión.

"En el interdicto," dijo esta corte por medio de su Juez Asociado Sr. Sulzbacher en el caso de *Padró* v. *Río,* 1 S.P.R. 552, 557, "sólo puede discutirse sobre el hecho de la posesión, no sobre el derecho a la misma, que es lo que implica el fondo de la sentencia recurrida, y si se tolerase discutir el derecho con que el tenedor posee la finca, perdería su naturaleza el interdicto y estaría de más en la ley éste o el juicio ordinario para discutir ampliamente la posesión y la propiedad, debiendo fundirse en un solo juicio."

Y en el caso de *Fajardo Sugar Growers' Association* v.

*Central Pasto Viejo, Inc.,* 41 D.P.R. 825, 829, 830, dijo también esta corte por medio de su Juez Asociado Sr. Texidor:

"Es indudable que este interdicto ha sido tomado de la legislación procesal española. En ésta (Ley de Enjuiciamiento Civil para Cuba y Puerto Rico, artículo 1654) se prohibía al juez admitir prueba cualquiera que no se refiera a la posesión o tenencia, y a los actos de despojo o de perturbación. En nuestra ley primera, la No. 43 de 1913, la sección 1, da el interdicto en favor de la parte que demuestre haber sido privada *de la posesión material* por actos violentos o fraudulentos de la otra parte. En la ley No. 11, de 14 de noviembre de 1917, ya se toma el concepto igual al del artículo 1649, de la Ley de Enjuiciamiento Civil para Cuba y Puerto Rico, y se concede el remedio legal al que ha sido *'perturbado en la posesión o tenencia'* y para recobrar, no el título o el derecho, sino la posesión material.

"Lo que se intenta, y se logra, por medio de ese procedimiento sumario, en el que ni se discute ni se decide el título, es lo que los autores llaman la protección posesoria. Todo poseedor tiene derecho a que se le respete en su posesión; tal es el concepto legal contenido en el artículo 448 del Código Civil de Puerto Rico. En el poseedor hay un presunto dueño; y en la posesión hay un estado de hecho a respetar por todos y a ser mantenido por la ley."

La repregunta versaba también sobre hechos relacionados con el título a la propiedad en cuestión. No se cometieron los errores analizados.

Resta sólo considerar el cuarto y el sexto señalamientos de error.

Se sostiene por el cuarto que no debió permitirse declarar al demandante como testigo sobre hechos que no le constaban por conocimiento personal y sobre actos que pretendió probar con evidencia documental que no fué ni pudo ser admitida por la corte, y por el sexto que erró la corte al apreciar en su totalidad la prueba.

De la declaración del demandante transcribimos lo que sigue:

"P. ¿Y antes de esa fecha, o sea, el 3 de febrero de 1932 hasta el 16 de octubre de 1932, qué actos de posesión ha verificado usted en esa finca?—R. Yo fuí allí con un agrimensor llamado Antonio

Pereira, de Río Piedras, y tomé posesión; le hice trazar la cantidad de terreno, y pusimos cuatros puntos de tubos de hierro galvanizado, cuatro puntos solamente, e hicimos un plano.

"P. ¿Ese plano a que usted se refiere, y que hicieron, es éste que le estoy mostrando?

"Sr. Díaz Cintrón: Un momento. No ha sido identificado; no se ha presentado la persona que lo ha hecho ni ha sido jurado.

"P. ¿De manera que hicieron un plano?—R. Sí, señor.

"P. ¿Qué tiempo estuvieron en la finca tomando medidas para ese plano?—R. Estuvimos en la mensura como tres horas.

"P. ¿Alguno de los demandados estaba presente, especialmente Modesto Escalera?—R. Sí, señor, estaba presente."

El plano no fué presentado. El hecho de la mensura y el del levantamiento del plano aunque éste no se presentara era algo que pudo estar dentro del conocimiento personal del testigo y sobre lo cual tenía derecho a declarar.

Siguió testificando el demandante y se refirió a cierto anuncio sobre venta del solar que había ordenado publicar y que se había publicado en *"El Mundo"* mostrando el periódico. Se opuso el abogado de los demandados a que leyera del periódico y la corte declaró sin lugar la oposición así: "Desde luego que la parte contraria puede presentar prueba en contrario. Mientras tanto, la declaración del testigo es suficiente."

En su alegato los apelantes se limitan a exponer lo ocurrido sin citar ley o jurisprudencia algunas para sostener su oposición. Bajo esas circunstancias no estamos preparados para concluir que hubo error. El periódico no fué presentado como prueba y el testigo que declaraba era la propia persona que envió el anuncio para ser publicado en el mismo.

La evidencia de ambas partes fué contradictoria. El conflicto lo resolvió la corte en pro del demandante, sin que se haya demostrado que actuara movida por pasión, prejuicio o parcialidad, o que cometiera algún error manifiesto. Y resuelto así el conflicto, estamos conformes con la corte en que la prueba de la posesión material del demandante so color de dueño es suficiente. Adquirida la propiedad por

654

compra hecha constar en escritura pública fué sobre el terreno el demandante y tomó posesión de ella mensurándola y deslindándola clavando "profundamente con una maceta tubos largos de hierro galvanizado en cuatro puntos," en presencia y sin oposición del principal demandado, Escalera.

Tampoco se cometieron, pues, los errores cuarto y sexto.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*