MANUEL AVILA VILLALOBOS, demandante y apelado, *v.* REGALADO, ANTONIO, JULIO y JOSÉ NÁTER y FELIPE GARCÍA y LONGINOS MOLINA, demandados y apelantes.

Núm. 8459.—*Sometido:* Junio 10, 1942. *Resuelto:* Junio 26, 1942.

*Pedro E. Anglade,* abogado de los apelantes; *A. Reyes Delgado* y *P. Santos Borges,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de un *injunction* para retener la posesión de una finca rústica. El demandante alega en su demanda que está en posesión desde el 11 de mayo de 1939 por compra que de ella hizo a doña Juana A. Rodríguez Despiau, quien la poseyó por muchos años, habiéndole hecho entrega de la misma en la fecha de la venta; que los demandados, hijos de dicha señora, han penetrado en la finca y le han perturbado en su posesión, alegando que dicha finca les pertenece. La demanda fué radicada el 16 de febrero de 1940.

Los demandados solicitaron la eliminación de la demanda y, en su defecto, de algunos de sus particulares, excepcionaron la misma y contestaron negando sus hechos. Las mociones eliminatorias y la excepción previa fueron declaradas sin lugar y celebrado el juicio la corte falló el pleito declarando con lugar la demanda.

Los demandados establecieron el presente recurso señalando la comisión de nueve errores. Sostienen por los tres primeros que la corte inferior erró al declarar sin lugar las mociones eliminatorias y la excepción previa. Las elimina-

ciones solicitadas son aquellas alegaciones de la demanda que se refieren a la compra de la finca. En un caso similar al de autos, *Buxeda, Jr.* v. *Escalera,* 47 D.P.R. 647, se resolvió esta misma cuestión diciéndose:

"No estamos convencidos de que la eliminación procediera porque al alegar el demandante en su demanda la compra del solar en cuestión al demandado Escalera y la segregación de una porción del mismo vendida a J. C. Gómez, lo que hizo fué dar color a la posesión material alegada como fundamento de su acción y sentar las bases para una descripción perfecta de la finca reclamada."

No se cometió error al declarar sin lugar las eliminaciones solicitadas y tampoco al desestimar la excepción previa por los motivos que pasamos a expresar.

Alegan los apelantes que habiéndose radicado la demanda el 16 de febrero de 1940 y alegándose en ella que el demandante entró en posesión de la finca el 11 de mayo de 1939, no aduce ella hechos suficientes para constituir una causa de acción porque no se alega que el demandante haya estado en posesión un año antes de radicarse la demanda según requiere la ley. Pero es que en la demanda se alega además que dicha finca la había poseído por muchos años y hasta que la misma fué traspasada al demandante, doña Juana A. Rodríguez Despiau y estas alegaciones son suficientes de acuerdo con lo resuelto en el caso de *Buxeda,* supra, en el que se alegó una situación de hechos similar.

La misma cuestión es alegada por los apelantes en el séptimo señalamiento, pero haciendo referencia a la prueba de la posesión. Sostienen, que el demandante tenía que probar que él personalmente había estado en posesión un año completo antes de radicar su demanda. En un caso como el de autos en el que se probó que el demandante adquirió la finca de la madre de los demandados y que ella la había poseído durante varios años y hasta la fecha en que le hizo entrega al demandante, la posesión de la anterior poseedora completa la del demandante, como sostuvo la corte sentenciadora. El demandante podía ejercitar el interdicto pose-

sorio para proteger sus derechos de acuerdo con el artículo 375 del Código Civil (ed. 1930) que dispone que: "Todo poseedor tiene derecho a ser respetado en su posesión; si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen". Se probó que la perturbación de que fué objeto el demandante ocurrió dentro del año precedente a la radicación de la demanda y eso, unido a los demás hechos probados, bastaba.

■ Se quejan los apelantes, en otros señalamientos, de que se admitieran como prueba las escrituras de compraventa de la finca. Aun cuando en estas acciones no pueden determinarse cuestiones de título o en cuanto al derecho de posesión, no cometió error la corte inferior, pues, como hizo constar, las escrituras no fueron admitidas con el fin de probar título o derecho alguno, sino para demostrar el hecho de la entrega de la finca que la madre de los demandados hizo al demandante y para contradecir el testimonio de ella y de su hija en cuanto negaron que el notario autorizante les hubiera leído dichos documentos.

■ Alegan por último los recurrentes que la sentencia dictada es contraria a la prueba. Hemos examinado cuidadosamente la transcripción de evidencia, y estamos convencidos de que la prueba del demandante, a la que el juez sentenciador dió crédito, es suficiente para sostener la sentencia. Se probó que el demandante, no sólo tomó posesión de la finca, sino que la cercó, mandó a poner rótulos en las entradas y empezó a realizar siembras en la misma, siendo perturbado en su posesión por las actuaciones de los demandados quienes penetraron en la finca varias veces, quitaron los rótulos y destruyeron una siembra de habichuelas; que amenazaron a los empleados del demandante que iban a trabajar en la finca e impidieron que lo hicieran, probándose además que los demandados sacaron ganado de la finca no una, sino en varias ocasiones. No fué un acto aislado de

perturbación el probado, sino una serie de actos relacionados entre sí, y a virtud de los cuales los demandados, según expresamente decían, querían demostrarle a los empleados del demandante que la finca les pertenecía.

Si en efecto los demandados tienen algún derecho sobre la finca, deben acudir a las cortes para que éstas lo determinen, pero mientras tanto, el demandante debe ser respetado en su posesión.

*Se desestima el recurso y confirma la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.