Carmen Margarida Llenza Vda. de García Veve, sustituída por Charles F. Zimmerman, demandante y apelada, *v.* Alfredo Casalduc, demandado y apelante.

Núm. 9143.—*Sometido:* Noviembre 6, 1945. *Resuelto:* Noviembre 23, 1945.

*Brown, Newsom & Córdova,* abogados del apelante; *Damián Monserrat, Jr.* y *Rafael Baragaño, Jr.,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La demandante es dueña de una parcela de terreno, situada en el término municipal de Guaynabo, compuesta de 2.17 cuerdas de terreno, con las colindancias siguientes: por el Norte y Sur, con terrenos de Jesús Martinó; *por el Este con un camino privado de la finca principal de donde se segregó;* y por el Oeste con terrenos de Mr. F. Reed.

En una demanda de *injunction* para recobrar la posesión, la demandante alega que desde el día 29 de diciembre de 1941 ella y su esposo, ahora difunto, estuvieron en la posesión y uso del camino que forma la colindancia Este de su finca; que desde el fallecimiento de su esposo, ocurrido en agosto 15, 1942, la demandante continuó en la posesión, uso y disfrute del referido camino en toda la extensión del mismo en colindancia con su finca; que allá para el 15 de septiembre de 1942, el demandado Casalduc, contra la voluntad y sin el consentimiento de la demandante, interceptó el tránsito y uso del camino, levantando un portón de madera y concreto, el cual mantiene cerrado, privando así a la demandante del uso, disfrute y posesión de una parte de dicho camino e impidiéndole la entrada a y la salida de su finca por la parte del camino que quedó incomunicado al levantarse el portón.

Contestó el demandado, negando que todo el Este de la finca de la demandante colinde con un camino privado, alegando en contrario "que la referida finca sólo colinda con el referido camino 'Martinó' por el Este hasta un punto que queda como a 113 pies hacia el Sur desde el punto más al Norte de la colindancia Este de dicha finca"; y que "desde

dicho punto en la colindancia Este de la referida finca hasta el punto más al Norte de dicha colindancia. Este, la referida finca colinda con terrenos propiedad del Sr. Gus Lallande''. El demandado negó además todas y cada una de las alegaciones de la demanda en cuanto a la posesión y uso por la demandante de aquella parte del camino que ha quedado interceptada por la construcción del portón.

En octubre 9 de 1944, la Corte de Distrito de Bayamón dictó sentencia declarando con lugar la demanda. No estuvo conforme el demandado e interpuso el presente recurso. El caso ha sido sometido a nuestra consideración mediante una estipulación en la cual las partes convienen en que el resumen o extracto de la prueba testifical que hace el Juez sentenciador en su Relación del Caso y Opinión, haga las veces y substituya a todos los efectos legales la exposición narrativa de la evidencia.

La corte inferior, después de hacer una relación detallada de lo declarado por cada uno de los testigos de una y otra parte, declaró como probados los hechos siguientes:

"Que la finca radicada en el barrio Frailes de Guaynabo fué propiedad originalmente de don Juan Martinó, que separó un camino rústico que llegaba hasta el punto número tres del plano levantado por A. E. Amadeo, ingeniero civil, contenido en el exhibit 1 del demandado; que antes de venderle esas parcelas a los señores García Veve y Ranck, el señor Juan Martinó le había arrendado diez u once cuerdas de terreno en el extremo norte a Felipe Hernández, y que Felipe Hernández para que no se le saliera el ganado que tenía pastando en dicho sitio puso esos pelos de alambre en un punto 113 pies antes del extremo noreste de la colindancia de García Veve, cuyos pelos de alambre eran una puerta de golpe rústica y no una intersección fija sobre el resto del camino; que el día 29 de diciembre de 1941 don Luis García Veve entró en posesión de una parcela de terreno compuesta de dos cuerdas diecisiete centésimas de otra, colindando por el norte y sur con terrenos de Jesús Martinó; por el este, con un camino de la finca de donde se segregó; y por el Oeste, con terrenos de Mr. Reed. Que posteriormente el

señor Ranck adquirió algunas parcelas entre las cuales estaba el terminal norte de la finca donde desemboca el camino que se extiende por toda la colindancia este de la finca de la demandante.

"Que desde que el arrendatario Felipe Hernández le arrendó una parte de esa finca al señor Juan Martinó con objeto de que no se le saliera al camino un ganado que pastaba en esa parte de la finca, puso uno o dos pelos de alambre desde la empalizada de la parcela que hoy pertenece a Mr. Zimmerman hasta la parcela que hoy pertenece a la demandante; pero que dichos pelos de alambre no eran permanentes, sino removibles y no interfería con el uso del camino, ya que cada vez que se iba a utilizar se desenganchaban dichos pelos de alambre del espeque alrededor del cual estaban sujetos por un aro formado por el mismo alambre; que por tratarse de una finca rústica y de una parcela que parece que sólo se utilizaba para pasar los fines de semana la familia García Veve los signos exteriores del tránsito no eran tan claros como hubieran sido el de un camino vecinal abierto continuamente al tránsito de viandantes y vehículos, pero que indudablemente se utilizaba ese camino, y que el objeto del señor Juan Martinó al abrirlo fué para beneficiar a todas las parcelas; que de ese uso discontinuo del camino estuvo en posesión la demandante un año con anterioridad a la radicación de este recurso."

Las conclusiones de hecho a que llegó el tribunal sentenciador están justificadas por la evidencia documental y testifical. El título de adquisición de la demandante demuestra que la finca colinda por el Este con un camino privado de la finca principal de donde se segregó. El testigo Juan Martinó, anterior dueño de la finca, declaró que fué él quien construyó el camino llamado "Martinó", para beneficio de todas las personas que compraban las parcelas que él les vendía; y que ese camino se extiende por toda la colindancia Este de la finca de la demandante. La prueba de la demandante establece el hecho de que la demandante estuvo en la posesión, uso y disfrute del camino durante el año anterior a la fecha de la radicación de su demanda.

Los hechos probados son a nuestro juicio suficientes para justificar la expedición del interdicto posesorio a favor de la

demandante. *Mercado v. Chardón*, 57 D.P.R. 450; *Iglesia Católica v. Puig*, 52 D.P.R. 773; *Fajardo Sugar Co. v. Central Pasto Viejo*, 41 D.P.R. 825; *Echevarría v. Saurí*, 38 D.P.R. 737.

*La sentencia recurrida debe ser confirmada.*