ISABEL RODRÍGUEZ, demandante y apelada, *v.* EMILIA SUÁREZ LÓPEZ, FRANCISCO GARCÍA FIGUEROA, JESÚS, ANA MARÍA, EMILIO, FRANCISCO y MARÍA LUISA SUÁREZ, menores, representados por su madre con patria potestad, EMILIA SUÁREZ LÓPEZ, demandados y apelantes.

Núm. 10184.—*Sometido:* Junio 8, 1950. *Resuelto:* Julio 7, 1950.

*Guillermo S. Pierluisi,* abogado de los apelantes; *Benigno Pacheco Tizol,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La demandante apelada, Isabel Rodríguez, inició ante la Corte de Distrito de Bayamón demanda de interdicto posesorio con el propósito de que los demandados se abstuvieran de obstaculizarle en la entrada, salida, uso y posesión de un camino vecinal que partiendo de la carretera central en el

trayecto de Caguas a Río Piedras atraviesa la finca de los demandados y pasa por la de ella. La corte inferior declaró con lugar la demanda, resolviendo que el citado camino "fué siempre usado por la demandante y otras personas para ir y venir de sus fincas y que últimamente la parte demandada ha impedido y evitado que tal tránsito continúe."

Apelaron los demandados de esa sentencia, aduciendo contra ella la comisión de cinco errores, a saber: (1) no declarar que la demanda no exponía hechos constitutivos de una causa de acción, muy especialmente contra los menores demandados, por cuanto de ninguna de sus alegaciones resulta que la demandada Emilia Suárez López fuese la madre con patria potestad sobre los menores, sin que se diga en ninguna de las alegaciones de la demanda la edad respectiva de cada uno de ellos ni se alegue que la codemandada Emilia Suárez López tuviese facultad para obligar con sus actos personales y torticeros a los referidos menores; (2) sentenciar a los menores sin que hubiese prueba alguna contra éstos que justificase la sentencia; (3) resolver que la demandante tenía derecho al uso del camino, sin tener en cuenta que el mero uso consentido y tolerado de pasar por un camino, no da derecho a un interdicto; (4) no considerar ciertas escrituras ofrecidas en evidencia; y (5) que la sentencia es contraria a derecho y a la prueba, habiendo la corte inferior actuado con parcialidad.

En la demanda enmendada se alega en esencia que Tiburcio Rodríguez Díaz, padre de la demandante, al igual que ésta, desde tiempo inmemorial y dentro del año precedente a la radicación de la demanda, estuvieron siempre en posesión del camino que en ésta se describe;(1) que tuvieron en todo momento el libre tránsito a pie y de otra manera del mismo; que dicho camino se usó siempre para dar acceso y salida a la finca principal, a la vendida por el padre de ella al demandado Francisco García Figueroa y a otra finca del vendedor, hoy de la demandante, que quedó encerrada al

---

(1) La descripción del camino aparece con mayor claridad en la estipulación radicada por las partes.

efectuarse la referida venta; que la finca de los demandados se utilizó por el padre de ella para dar entrada y salida a las fincas que quedaron encerradas; que durante los últimos tres meses los demandados no han permitido que la demandante y sus familiares transiten por el camino indicado, ni que entren ni transiten por él vehículos de motor que vayan para la residencia de la demandante, obstaculizando y estorbando así los demandados a la demandante y a sus familiares y amigos que la visitan en el uso del indicado medio de tránsito; y que tanto la propiedad de la demandante como la de los demandados originalmente formaban parte de la misma finca.

La demanda claramente aduce una buena causa de acción contra todos los demandados, ya que en ella se alega, como hemos dicho, que dentro del año inmediatamente anterior a la radicación de la demanda éstos han obstaculizado y estorbado a la demandante en el uso y disfrute del camino, así como las demás razones en que ésta basa su recurso. La frase "los demandados" usada en la demanda claramente comprende a los menores, a pesar de que en ella no se aleguen los actos específicos de perturbación realizados por éstos.

██ La prueba de la demandante tendió a demostrar que el abuelo de ella era dueño de una finca compuesta de unas veinte cuerdas de terreno; que al morir éste la misma pasó a Tiburcio Rodríguez Díaz, padre de ella; que éste vendió al demandado García Figueroa una parcela de 5.65 cuerdas, así como otra parcela de cinco cuerdas a Julio Rosario y una faja de terreno compuesta de poco menos de media cuerda a Faustino Sotomayor, estando ella en la actualidad en posesión del resto de la finca original; que tanto su abuelo como su padre para entrar y salir de un extremo a otro de la finca de mayor cabida utilizaban un camino que atravesaba ésta; que al vender su padre las 5.65 cuerdas a García Figueroa, aquél siguió utilizando dicho camino y que posteriormente ella ha continuado siempre pasando por el mismo.

Interpretadas conjuntamente las alegaciones de la demanda y la prueba aducida en apoyo de la misma, no puede

llegarse a la conclusión de que la acción interdictal de la demandante se basó en el mero uso consentido y tolerado de pasar por el camino. Por el contrario, tanto las unas como la otra tendieron a demostrar que la acción por ella ejercitada se fundó en lo provisto por el artículo 477 del Código Civil, edición 1930, y en la interpretación dada al mismo por éste y por otros tribunales. Dispone dicho artículo que:

"La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenara una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura."

Este artículo ha sido interpretado por nosotros en el sentido de aplicarse no sólo cuando el propietario original de dos fincas establece una servidumbre sobre una de ellas, sino también cuando sobre una finca poseída por un solo dueño éste establece en beneficio de la misma un signo aparente que al venderse parte de la finca mayor a un tercero se convierte en servidumbre. *Margarida* v. *Casalduc*, 65 D.P.R. 416; *McCormick* v. *Vallés*, 55 D.P.R. 226. Véase también la sentencia del Tribunal Supremo de España de 10 de abril de 1929, 188 Jurisprudencia Civil 880. Eso, desde luego, es así siempre que al tiempo de separarse la propiedad de las dos fincas o de efectuarse la venta de parte de la finca mayor, no se exprese lo contrario en el título de enajenación o no se haga desaparecer el referido servicio antes del otorgamiento de la escritura.

Si de acuerdo con la prueba aducida por la demandante el abuelo de ella fué dueño de una finca mayor, que luego pasó a su padre y más tarde, en parte, a ella misma, y si tanto su abuelo como su padre y ella han disfrutado del camino que atravesaba antes la totalidad de la propiedad y que atraviesa ahora la finca de los demandados, tal disfrute no resulta ser un acto de mera tolerancia.

■ El hecho de que en la escritura en que el padre de la demandante vendió las 5:65 cuerdas de terreno al demandado García Figueroa se hiciera constar que dicha propiedad se vendía libre de gravámenes y sin reserva ni limitación alguna y de que más tarde García Figueroa hiciera igualmente constar en la escritura de enajenación a los menores que vendía a éstos la misma propiedad libre de gravámenes, no tiene el alcance que los demandados quieren darle. Si el camino fué establecido por los predecesores de la demandante, la mera constancia en la escritura de enajenación de que se vende libre de gravámenes no basta para que pueda impedírsele a ella seguir disfrutando de la servidumbre. Para que la servidumbre en un caso como el presente no continúe subsistiendo después de la enajenación o división, es indispensable que se exprese lo contrario de manera específica, o que se haga desaparecer el signo. Sentencia del Tribunal Supremo de España de 6 de febrero de 1904, 97 Jurisprudencia Civil 291; Manresa, Código Civil Español, tomo IV, quinta edición, 1931, pág. 568, donde comentando el artículo 541 del Código Civil Español, que es igual al 477 del nuestro, este ilustre tratadista se expresa así:

". . . la declaración en contrario que se consigne en el título ha de ser especial, clara y terminante, *no bastando que se diga que la finca se halla libre de todo gravamen cuando se enajena el predio sirviente,* como ya resolvió el Tribunal Supremo en sentencia de 10 de julio de 1880." (Bastardillas nuestras.)

El tratadista Scaevola, en el tomo 10 de sus Comentarios al Código Civil Español, nos dice a la página 286, refiriéndose al indicado artículo, que:

"La declaración ha de ser explícita; no debe dejar dudas acerca de la no existencia de la servidumbre. Es decir, deberá expresarse esto específicamente, no bastando la declaración genérica de que se trasmite la finca sin carga alguna o sin ninguna clase de servidumbres, tanto porque esta declaración cabría aplicarla a las servidumbres que pudieran existir entre la totalidad de la finca, entre la unidad jurídica determinada por el dominio

consolidado y otras fincas ajenas a él, como porque el artículo exige implícitamente una declaración particular respecto del signo existente."

Así pues, repetimos, el hecho de que el padre de la demandante al vender las 5.65 cuerdas hiciera constar en la escritura de enajenación que la parcela se vendía libre de gravámenes y de que García Figueroa pusiera igual constancia en la escritura de venta a los menores, no privó en forma alguna a la demandante de su derecho a continuar el uso de la servidumbre. Por otra parte, el hecho de que se hayan inscrito esas escrituras en la forma indicada, no es óbice para que la servidumbre creada en la forma ya dicha continúe subsistiendo. Sentencia del Tribunal Supremo de España de 4 de julio de 1925 (167 Jurisprudencia Civil 467).

 La acción interdictal, como es sabido, tiene por finalidad la protección del hecho de la posesión, sin perjuicio de los derechos de los interesados. *Martínez* v. *Martínez*, 68 D.P.R. 203; *Otero* v. *Sales*, 68 D.P.R. 273; *Maldonado* v. *Colón*, 68 D.P.R. 340; *Rivera* v. *Cancel*, 68 D.P.R. 365; *Mena* v. *Llerandi*, 70 D.P.R. 176; *Martorell* v. *Municipio*, 70 D.P.R. 380. Es la acción que ampara a todo poseedor cuando es perturbado o inquietado en el goce de su posesión. (Artículo 375, Código Civil, ed. 1930) [2]; 3 Planiol y Ripert, Derecho Civil Francés, sec. 186, pág. 176. En un injunction posesorio puede admitirse en evidencia la escritura de compraventa del inmueble, siempre que no lo sea para probar título o derecho de posesión alguno. *Ávila* v. *Náter*, 60 D.P.R. 639. También puede admitírsele para dar color a la posesión del demandante como cuestión de hecho. *Cf. Buxeda, Jr.* v. *Escalera*, 47 D.P.R. 647; *Arrache* v. *Méndez*, 43 D.P.R. 582. Bajo esas circunstancias, la corte inferior actuó acertadamente al admitir en evidencia la escritura de com-

---

[2] El artículo 375 del Código Civil, ed. 1930, provee:

"Todo poseedor tiene derecho a ser respetado en su posesión; si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen."

praventa de 26 de enero de 1934, en la que el causante de la demandante vendió a Francisco García Figueroa la parcela de 5.65 cuerdas, a través de la cual pasa el camino objeto de la acción, y la de 31 de diciembre de 1938 en que García Figueroa vendió a los hijos menores de la codemandada Emilia Suárez López dicha parcela. El hecho de que en su opinión la corte no hiciera referencia alguna a esas escrituras, sin embargo, no debe ser motivo de revocación si su conclusión final es correcta. La apelación se da contra la sentencia y no contra los razonamientos de la opinión. *Rosario* v. *Suárez*, 67 D.P.R. 589; *Ex parte Montalvo*, 70 D.P.R. 462.

El examen que hemos hecho de la prueba nos convence de que la sentencia dictada encuentra apoyo en ella, no habiéndosenos convencido por otro lado de que la corte actuara movida por parcialidad.

■ Ahora bien, como la prueba aducida por las partes no demostró que los menores demandados obstruyeran o estorbaran en forma alguna a la demandante en el goce y disfrute del camino objeto del interdicto, no debió dictarse sentencia en contra de ellos.

*Debe modificarse la sentencia en el sentido de declarar sin lugar la demanda en cuanto a los menores demandados, y así modificada, confirmarse.*