JUAN GARCÍA FRAGUADA, JUAN GARCÍA GUADALUPE, TOMÁS GÓMEZ, ACISCLO MONTAÑEZ, FRANCISCO PABÓN, BLAS ALVAREZ y BASILIO LAUREANO, demandantes y apelados, *v.* RAFAEL MARÍA GONZÁLEZ, demandado y apelante.

No. 5910.—*Sometido:* Noviembre 23, 1934. *Resuelto:* Enero 18, 1935.

*J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados de los apelantes; *Bolívar Pagán,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una acción iniciada bajo la Ley No. 43 de 1913 (pág. 85), según fué enmendada en 1917 (Ley No. 11 de 1917 (2) pág. 221), la corte de distrito ordenó la remoción de una valla de alambre que había sido erigida por el demandado a través de un supuesto camino vecinal, y le prohibió que en el futuro entorpeciera el libre acceso de los demandantes a cierta porción del referido camino o a usar el mismo.

Durante el juicio los demandantes ofrecieron como prueba una certificación para demostrar que el camino estaba inscrito en el Departamento del Interior. Esta certificación indicaba que, como resultado de una vista pública debidamente celebrada el 30 de septiembre de 1920, la sección del camino en cuestión había sido abandonada. Los demandantes luego presentaron un documento cuya parte pertinente lee como sigue:

"Gobierno Municipal de Gurabo, P. R.—ACTA.—    .        .        .

"Conteniendo el acuerdo tomado por el Concejo de Administración en vista pública celebrada el día 30 de septiembre de 1920, con motivo de una solicitud del Sr. Rafael González pidiendo la anulación de 604 metros del camino municipal No. 3, por considerar ese trozo del susodicho camino completamente innecesario.

"En el pueblo de Gurabo, P. R., a los treinta días del mes de septiembre de mil novecientos veinte, siendo las dos de la tarde y reunidos en el salón de actos de la casa consistorial los señores anotados al margen, previa convocatoria, para celebrar una vista pública, según lo determina el art. 53 de la Ley Municipal, para resolver una petición del Sr. Dn. Rafael González, vecino y propietario de esta jurisdicción, sobre abandono o anulación de un trozo del camino municipal No. 3, llamado Hato Nuevo, en una longitud de 604 metros, se procedió a celebrar la referida vista pública, en la forma siguiente:

"El Sr. Rafael González hizo uso de la palabra para manifestar lo mismo que se había hecho constar en su escrito, esto es, que el que hablaba era propietario de este municipio, con residencia en el mismo barrio de Hato Nuevo y que hacía constar que existiendo en

el camino municipal No. 3 de este municipio un trozo de camino de 604 metros de longitud que no tenía razón de ser por no conducir a otra parte que a su finca y por lo tanto a ninguna vivienda de alguien a quien pudiera beneficiar y entendiendo que este municipio estaba obligado a atender a su sostenimiento, sin que el vecindario se beneficiara en nada, solicitaba se anulase su inscripción como camino vecinal. Que dicho trozo de camino estaba comprendido entre el camino municipal No. 4 que partiendo de la carretera No. 5 atraviesa los barrios 'Mamey' y 'Hato Nuevo', llega a la jurisdicción de la Carolina y la jurisdicción de Juncos, donde termina por no haber en dicha jurisdicción ningún camino municipal inscrito que lo termine.

"Una vez oído el Sr. Rafael González se discutió extensamente el asunto, tomando parte en la discusión todos los Sres. concurrentes al acto, resolviéndose el caso por los señores Pedro Calderón, Juan Reyes, Evangelista Díaz, Serafín Miranda y Martín Díaz, en el sentido de que se anulase el trozo de camino a que se refería el solicitante siempre que el Sr. Rafael González se comprometiese a dar paso a los vecinos por su finca en caso de que ellos necesitaren utilizar dicho trozo de camino para trasladarse al pueblo de Juncos, en lo cual fué conforme el Sr. Rafael González, y negándose en absoluto a la anulación del referido camino los Sres. Aurelio Morales. Inocencio Mojica y Juan García.

"En vista de lo que antecede y considerándose por los señores del Concejo presentes al acto que la mayoría de los interesados en este asunto estaban por la anulación bajo la promesa del Sr. González de no cerrarles el paso por su finca así como también convencidos de la inutilidad de dicho trozo de camino por no conducir sino hasta la jurisdicción de Juncos, donde no se une o empalma con ningún otro camino municipal de aquella jurisdicción por el que pudiera comunicarse con los otros pueblos realizándolo únicamente con un camino vecinal y privado; Considerando además que el arreglo y conservación de dicho trozo de camino irroga a este municipio los gastos consiguientes y que tratándose de un camino innecesario resultarían superfluos estos gastos, el Concejo de Administración acordó la siguiente ordenanza:

"Resuélvase por el Concejo de Administración del pueblo de Gurabo, P. R., Sección Primera: Por la presente queda anulado el trozo de camino municipal No. 3 de esta jurisdicción en una longitud de 604 metros comprendidos entre el camino municipal No. 4 que partiendo desde la carretera insular No. 5, atraviesa los barrios de 'Mamey' y 'Hato Nuevo' en la colindancia de la finca de los

Sres. González, hasta la jurisdicción de Juncos, después de haber atravesado dicha finca.''

Este proceder fué evidentemente adoptado por el Concejo Municipal de Administración de conformidad con las disposiciones del artículo 53 de la Ley Municipal que entonces regía. (Leyes de 1919, págs. 685, 715.) Es evidente, además, que el costo de reparación y sostenimiento del camino fué una de las razones que indujo a que el mismo fuera abandonado. Sin embargo, no podemos convenir con el juez de distrito en que el alcance y efecto de la ordenanza o resolución debe limitarse a la eliminación de esa partida de gastos. No está ahora ante nos ninguna cuestión de título o dominio del terreno, ni ninguna cuestión respecto al derecho del municipio a reanudar la posesión y dominio del mismo o a abrir nuevamente el camino en cualquier tiempo, ni ninguna cuestión relativa a los derechos respectivos de posesión del municipio y del demandado entre sí. El municipio no es parte en el presente litigio. El proceder adoptado por el Concejo de Administración equivalía a la descontinuación y abandono definitivo de cierto trozo del camino. No es cuestión de suma importancia si este abandono era permanente o temporal, o por período indefinido. Tampoco gira este caso en torno a cualquier reserva hecha a favor de ciertos individuos que ahora no alegan sus derechos, no importa cuáles sean los mismos. Los demandantes no se dirigían a Juncos ni hacia ningún punto que excediera los límites de la finca del demandado. Para aquella época se desarrollaba una huelga en que los demandantes y otras personas estaban interesados. A los demandantes se les dijo que podían pasar a través de la finca del demandado por sí solos como individuos, mas no era esto lo que ellos deseaban. Portaban banderas rojas y sus planes eran entrar en manifestación con el objeto de inducir a los empleados del demandado a abandonar sus labores y a declararse en huelga. El demandado se negó a permitirlo. Los demandantes contestaron que si ellos no podían seguir en manifestación que entonces no pasarían.

Uno de los manifestantes mostró un documento suscrito por el alcalde autorizando al portador a penetrar en la finca del demandado con el objeto de reparar el camino, mas no se pretendía penetrar en la misma con el objeto indicado en el permiso.

Los demandantes en una acción de esta índole, por disposición expresa del estatuto, deben alegar en su demanda que ellos "dentro del año precedente a la presentación de la demanda, estaban en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaban y están, si de retenerla." (Leyes de 1917, tomo 2, págs. 221, 223.) El presente recurso fué iniciado en noviembre de 1930. Fué en marzo de dicho año que el demandado se negó a permitir que los demandantes usaran el camino en la forma y para el fin indicado en los párrafos anteriores. El juez de distrito también resolvió que el demandado, allá para la misma época había construído una valla a través del camino. A nuestro juicio no hay base satisfactoria para esta conclusión. Prueba positiva del demandado estableció el hecho de que en 1920, inmediatamente después que el municipio abandonó formalmente el camino, él había puesto en su línea divisoria o cerca de ella, un aviso prohibiendo el paso por el camino, y que en 1928 había puesto la cerca en un punto en que el camino cruzaba una quebrada que también corría por su finca. El cruce había sido destruído por las fuertes lluvias incidentales al huracán de 1928. La quebrada, al crecer de madre, se había llevado las riberas o parte de ellas, y en su lugar había dejado un barranco que hacía el camino prácticamente intransitable. La valla había sido construída al borde de este barranco para impedir que el ganado se cayera por el mismo. Hubo alguna prueba de carácter negativo tendente a sostener con inferencias más o menos dudosas la conclusión del juez de distrito, pero esta prueba, ante la evidencia más persuasiva y prácticamente incontrovertida que acabamos de referir, deja de establecer el caso claro que es necesario para justificar la expedición de un *injunction*. No

nos es posible dejar de llegar a la conclusión de que la cerca fué construída en 1928 y que el demandado había estado en la posesión material y dominio de aquella parte del camino en cuestión desde 1920. Por tanto, los demandantes, ni en marzo de 1930, ni en ningún momento dentro del año precedente a la presentación de su demanda, habían estado en posesión material, como parte del público viandante o en alguna otra forma, de aquella parte del camino en cuestión.

*La sentencia apelada debe ser revocada y declararse sin lugar la demanda, con las costas, pero sin comprender en ellas los honorarios de abogado.*