JOSÉ ERNESTO JANER VILÁ, demandante y apelado, *v.* ISIDORO ÁLVAREZ, demandado y apelante.

Número 10853.

*Sometido:* 3 de junio de 1953. *Resuelto:* 22 de junio de 1953.

*L. Morales Contreras* y *Federico E. Virella,* abogados del apelante; *Fiddler, González & Nido,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

La Sala de Caguas del Tribunal Superior de Puerto Rico dictó sentencia declarando con lugar una demanda (interdicto posesorio) para recobrar la posesión de un callejón que divide las casas de ambas partes en este litigio y para que se ordenase al demandado que removiese una puerta y candado instalados por el demandado en uno de los extremos del callejón. El tribunal sentenciador ordenó al demandado que se abstuviese de "impedir al demandante o sus inquilinos en el uso de dicho callejón" y ordenó en su sentencia que se restituyese al demandante la posesión, uso y tránsito del

callejón. El tribunal a quo formuló las siguientes conclusiones sobre los hechos:

"1. Que el demandante se halla en posesión desde el 1941, como dueño de la finca urbana o casa marcada con el número 26 en la calle Gautier Benítez, de Caguas, la cual colinda por su lado sur con casa propiedad del demandado. Esta es una casa de mampostería de dos plantas.

"2. Entre las casas del demandante y la del demandado existe una faja de terreno o callejón de tres pies de ancho. Parte de este callejón está pavimentado desde la entrada en la acera hasta donde llega el fondo de la pequeña casa, terrera, de madera, techada de zinc, marcada con el núm. 26 de la misma calle propiedad del demandado, que es dedicada a puesto de venta de carnes, de ahí en adelante no está pavimentado.

"3. El callejón descrito corre de este a oeste o sea del frente hasta el fondo de las casas. Como a una distancia de 65 pies, contados desde la entrada, o sea desde la parte interior de la acera, existe una puerta en la casa del demandante que da y comunica con el callejón. Es aquí en esta puerta donde existe un cuarto de servicio sanitario. Además pegada a la pared de la casa del demandante existen tres tomas o tubos galvanizados de agua, que saliendo de la casa del demandante en dirección de Oeste a Este, por el callejón, llegan hasta afuera a la acera donde está el contador del agua.

"4. La casa del demandante, en primer piso, tiene seis ventanas, las cuales tienen barrotes de hierro, y sus hojas abren hacia dentro de la casa del demandante. En la planta alta tiene tres ventanas cuyas hojas dan o abren también hacia dentro de la casa del demandante, y tiene otra al final cuyas hojas dan o abren hacia el callejón o patio de la casa del demandado.

"5. Que el demandante a través de sus inquilinos estuvo usando y utilizando el callejón descrito hasta fines de diciembre de 1949 o principios de enero de 1950, cuando el demandado puso un portón o puerta con candado. Anteriormente existía un rastrillo pero sin candado.

"6. Tanto los inquilinos del demandante como los del demandado venían utilizando y transitando por dicho callejón, para hacer cada uno de ellos sus necesidades respectivas, los del primero para ir hasta el cuarto del servicio sanitario y los del segundo, ir al patio a atender un pequeño corral de gallinas y reses que guardaban para ser sacrificadas.

"7. Que el demandado a fines de diciembre de 1949 o a principios de enero 1950, puso una puerta o portón con candado impidiendo el uso y cerrando el paso de los inquilinos del demandante a través del callejón, dando con ello lugar a la presente acción.

"No solamente la prueba presentada por el demandante nos ha convencido satisfactoriamente de que sus inquilinos transitaban y utilizaban el callejón, sino que además, parte de la prueba del demandado corrobora esta conclusión.

"El testigo del demandado, don Gonzalo Figueroa, dueño del puesto de carne ubicado en la casa propiedad del demandado que colinda con la del demandante, declaró que los inquilinos de este último transitaban por y estuvieron utilizando el callejón hasta que el paso les fuera cerrado por el demandado al poner el portón con candado."

El demandado-apelante ha señalado los siguientes errores:

"1. Erró el tribunal inferior al declarar con lugar la demanda;

"2. Erró el tribunal inferior al declarar con lugar la demanda cuando de la prueba tal como figura en las Conclusiones de Hecho y de Derecho tanto el demandante como el demandado estaban en posesión real del terreno objeto del presente recurso;

"3. El tribunal inferior erró al no declarar sin lugar la demanda aplicando el artículo 374 del Código Civil de Puerto Rico;

"4. El tribunal inferior incurrió en un claro abuso de discreción al imponer honorarios de abogado al apelante por la suma de cien dólares."

El demandado invoca como motivo esencial de su ataque a la demanda y a la sentencia que, aceptando como cierta la conclusión de hecho formulada por el tribunal a quo al efecto de que los inquilinos de ambas partes usaban el callejón en controversia, no procede el interdicto posesorio en este caso, en vista de las disposiciones del artículo 374 de nuestro Código Civil.

██ Antes de investigar la aplicabilidad de este artículo a los hechos de este caso, no sería ocioso el recordar un postulado que ya se ha convertido en parte integrante de

nuestra tradición jurídica y de nuestro "folklore" judicial, o sea el que nos indica que en un interdicto posesorio sólo puede litigarse el hecho de la posesión, y no el derecho a la posesión, siendo la finalidad de la acción interdictal la protección del hecho de la posesión, sin perjuicio de los derechos de los interesados, que podrían ser dilucidados en una acción plenaria. *Sucn. Figueroa* v. *Hernández*, 72 D.P.R. 508; *Rodríguez* v. *Suárez*, 71 D.P.R. 728; *Martínez* v. *Martínez*, 68 D.R.R. 203; *Otero* v. *Sales*, 68 D.P.R. 273; *Maldonado* v. *Colón*, 68 D.P.R. 340; *Rivera* v. *Cancel*, 68 D.P.R. 365; *Mena* v. *Llerandi*, 70 D.P.R. 176; *Martorell* v. *Municipio*, 70 D.P.R. 380. (¹)

■■ También se ha resuelto específicamente que el uso de un camino o callejón puede ser protegido mediante un interdicto posesorio. *Rodríguez* v. *Suárez*, supra; *Echevarría Vda. de Subirá* v. *Saurí*, 38 D.P.R. 737; *Iglesia Católica* v. *Puig*, 52 D.P.R. 773; *Mercado e Hijos* v. *Chardón*, 57 D.P.R. 450; *Fernández* v. *González*, 41 D.P.R. 726.

Se ha sostenido la procedencia de la acción interdictal en cuanto al uso o posesión de un camino o callejón aun si se ha usado por varias personas. *Rodríguez* v. *Suárez*, supra; cf. *García* v. *González*, 47 D.P.R. 931. Lo que se protege en esos casos es el uso individual del demandante, ya que el hecho de que otras personas usaban el camino no excluye la realidad de que el demandante también lo usaba, como cuestión de hecho. La posesión material no pierde su carác-

(¹) Varias son las razones que justifican la protección provisional e interina de la posesión, como hecho real, aun si la posesión del demandante ha sido adquirida en forma ilícita o ilegal. Lafaille, Derechos Reales, Tomo 1, pág. 203. Especialmente existe una consideración de orden público que determina la protección judicial de la posesión inmediata aunque sea ilícita, manteniéndose así el *status quo* hasta que el que reclama ser el verdadero dueño interponga una acción plenaria, ya que aun el verdadero dueño no puede tomarse la justicia por su propia mano. *Martorell* v. *Municipio*, 70 D.P.R. 380, 385, 386. Además, el hecho de que en determinado caso una posesión pueda ser ilegítima, no excluye la probabilidad de que en la mayoría de los casos la posesión sea un indicio de dominio. Atendiendo a la generalidad de los casos, se ha implantado estatutariamente la regla de protección de la posesión inmediata.

ter de real por el hecho de no ser exclusiva. Pero el apelante nos llama la atención al artículo 374 de nuestro Código Civil que dispone lo siguiente:

"La posesión como hecho, no puede reconocerse en dos personalidades distintas, fuera de los casos de indivisión. Si surgiere contienda sobre el hecho de la posesión, será preferido el poseedor actual; si resultaren dos poseedores, el más antiguo; si las fechas de las posesiones fueren las mismas, el que presente título; si todas estas condiciones fuesen iguales, se constituirá en depósito o guarda judicial la cosa, mientras se decida sobre su posesión o propiedad por los trámites correspondientes."

El citado artículo, "obra de la abstracción y de la lógica de gabinete más que de la compulsa de la realidad," (8 Scaevola 375, quinta edición), no excluye la existencia real de la posesión como cuestión de hecho en dos personas distintas y más bien lo que dispone es que, para ciertos fines, la ley no reconoce la posesión en más de una persona. *Gómez v. López*, 55 D.P.R. 813. La realidad es que dos o más personas pueden coetáneamente tener la posesión material o tenencia de una cosa, como por ejemplo, el caso que nos ocupa o sea, el uso de un camino por varias personas. Pero nos dice el artículo 374 que la ley no reconoce la co-posesión en varias personas. Ese artículo debe interpretarse en forma racional o sea, que no excluya la efectividad de la realidad de la posesión común en ciertos casos. Por eso es que la esfera de acción del artículo 374 debe quedar limitada a ciertas situaciones y a ciertos fines. Su área de aplicabilidad debe referirse a aquellos casos en que la exclusividad de la posesión sea necesaria para que surjan determinadas consecuencias legales como por ejemplo, la prescripción adquisitiva lograda a través de una posesión en concepto de dueño. 4 Manresa pág. 216, sexta edición: "Esta regla hace sospechar que todo el artículo está escrito bajo la idea preconcebida, pero no expresada, de haber de aplicarse a la posesión en concepto de dueño." El artículo 374 tiene la función

reducida de resolver los conflictos especiales de posesión cuando dos o más posesiones están en pugna y pretendan ser exclusivas a los fines de que puedan servir de base para la adquisición de derechos dominicales. 4 Manresa, pág. 219, sexta edición; 8 Scaevola págs. 367, 375, quinta ed. Tal artículo se aplica a aquellos casos en que haya contienda sobre la posesión cuando sea relevante, no la realidad del hecho de la posesión en sí sino el "derecho a la posesión de hecho" (Manresa, ob. cit., pág. 222), esto es, cuando el "derecho al hecho de la posesión" pueda tener significación en cuanto al logro de derechos dominicales.

El artículo 374 no debe ser aplicable a un interdicto para recobrar o retener la posesión, como es el que está envuelto en el caso de autos. La acción interdictal se refiere solamente a la realidad de la posesión en sí y no requiere que esa posesión sea exclusiva. La exclusividad es función de consecuencias legales. En el interdicto posesorio no hay margen de preocupación en cuanto a consecuencias jurídicas ni caracteriza la posesión en cuanto a su suficiencia a los fines de que sea en concepto de dueño. Ampara la posesión, y eso es todo, aunque no sea exclusiva. El interdicto no es una contienda sobre el "derecho a la posesión como hecho", y "versa sólo sobre la realidad de un despojo ya consumado o de actos reveladores de la intención de consumarlo," y se resuelve en consideración exclusiva a la reintegración del despojo o a impedir este último, sin tener en cuenta circunstancias o motivos jurídicos, que son los que animan el artículo 374 (Scaevola, ob. cit., pág. 368). El interdicto protege el hecho y la materialidad de la posesión, sin tomar en cuenta su origen ni su naturaleza ni tampoco si es jurídica. Lafaille, Derechos Reales, Tomo 2, pág. 220.

En síntesis, el ámbito de acción del artículo 374, al exigir éste exclusividad en la posesión, se refiere al derecho a la posesión como hecho y como base para que quede luego consolidado el dominio, pero no se extiende al hecho real de la posesión, objeto del interdicto posesorio, protegiendo éste la

posesión aunque no sea exclusiva y aunque esté compartida con otras personas. El hecho de que un demandado use un camino conjuntamente con un demandante no debe impedir el interdicto posesorio si el demandado ha privado al demandante de su propio uso del camino. El uso no pierde su característica de posesión real por el hecho de que no sea exclusivo.

En *Gómez* v. *López*, supra, se declaró sin lugar un interdicto posesorio en cuanto a un callejón que se usaba en común por ambas partes, pero se planteó una alegación de derechos dominicales sobre el callejón que, según se resolvió, no podía ser objeto de resolución en un interdicto. Tal determinación no se basó en el hecho de que existía una posesión común, sino en que se habían planteado cuestiones de derecho. El caso citado, por lo tanto, no es de aplicación a las circunstancias del caso de autos, no siendo tampoco aplicable el artículo 374 de nuestro Código Civil.

No erró el tribunal a quo al declarar con lugar la demanda y en vista de todas las circunstancias de este caso, tampoco erró al condenar al demandado a pagar al demandante la suma de $100 en concepto de honorarios de abogado.

*Debe confirmarse la sentencia apelada.*