ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| KIRA DAWN GOLDEN<br>Apelado<br><br>v.<br><br>CHRISTIAN ERICK MICKELSEN; JAMES FREDERIC FREUNDLICH, T/C/C JAMIE FREUNDLICH; JOHN DOE<br>Apelante | KLAN202401039 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: DO2024CV00002<br><br>Sobre: Interdicto Posesorio para Recobrar Posesión |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico a 8 de enero de 2025.

Comparece la señora Kira Dawn Golden (en adelante, la señora Golden o la apelante) quien solicita que revoquemos la *Sentencia* emitida el 16 de septiembre de 2024 y notificada el día 17 del mismo mes y año. Mediante la misma, el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI) denegó la solicitud de interdicto posesorio presentada por la señora Golden y desestimó la *Demanda* con perjuicio.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

### -I-

Surge del expediente que la señora Golden presentó una *Demanda*[1] sobre interdicto posesorio para recobrar la posesión de un inmueble localizado en Dorado, Puerto

---

[1] Apéndice del apelante, anejo I, págs. 1-5.

Rico (en adelante, Inmueble). En esta alegó que fue despojada de su legítima posesión sobre el Inmueble de forma ilegal por el señor Christian Erick Mickelsen (en adelante, "señor Mickelsen"). Específicamente, adujo lo siguiente: (1) que el señor Mickelsen era el titular del Inmueble; (2) que el 13 de octubre de 2023 había perfeccionado un contrato de promesa bilateral de compra y venta con el señor Mickelsen para adquirir el dominio del Inmueble; (3) que el 23 de diciembre de 2023 el señor Mickelsen le comunicó que había suscrito un contrato de compraventa con el señor James Frederic Freundlich (en adelante, "señor Freundlich") y le requirió remover todas sus pertenencias antes del 2 de enero de 2024; y (4) que a partir del 23 de diciembre de 2023 el señor Mickelsen irrumpió sin autorización al interior del Inmueble para ejecutar el lanzamiento ilegal de sus pertenencias y cambiar los dispositivos de acceso.

Luego de varios trámites procesales, se celebró la vista evidenciaria sobre interdicto posesorio. En esta se admitió prueba documental y testifical. Específicamente, las partes solo estipularon la "escritura 6 de compraventa del 28 de enero de 2023".[2] La señora Golden, por su parte, presentó su testimonio y la siguiente evidencia documental: (1) confirmación del primer pago del plazo del 13 de octubre de 2023; (2) cuatro fotografías; (3) confirmación del segundo pago del plazo del 15 de noviembre de 2023; (4) llave electrónica; (5) confirmación del tercer pago del plazo del 13 de diciembre de 2023; (6) fotografía de mensajes de texto entre la señora Golden y el señor Mickelsen del

---

[2] *Íd.*, anejo VII, pág. 56.

13 diciembre de 2023; (7) capturas de pantalla de mensajes recibidos por el señor Mickelsen; (8) mensaje con fotos de algunas pertenencias; y (9) captura de pantalla de conversación entre el señor Mickelsen y la señora Golden.[3]

Por otro lado, el señor Mickelsen presentó su testimonio junto a la siguiente evidencia documental: (1) lease agreement y (2) escritura 138.[4]

Así las cosas, el TPI dictó *Sentencia,* que, en lo pertinente, consideró probados los siguientes hechos:

1. El 28 de enero de 2023 el Sr. Mickelsen, mediante la escritura número 6 otorgada ante la abogada notario Francheska Morlá Medina, adquirió el inmueble número 4111 ubicado en Beachfront Residences at Dorado Beach Resort VI (en adelante el "Inmueble") de la entidad DBR West Point, LLC.

[…]

3. El 20 de julio de 2023 el Sr. Mickelsen, a través de su compañía Future Force, Inc., suscribió un documento titulado "Lease Agreement" ("Lease Agreement") mediante el cual se acordó el arrendamiento del Inmueble al Sr. Edward Milstein ("Sr. Milstein") desde el 2 de diciembre de 2023 al 2 de enero de 2024 por un canon de arrendamiento de $120,000.00.

[…]

6. Mientras la Sra. Golden y el Sr. Mickelsen, a través de sus respectivos abogados, dialogaban sobre los posibles términos para la compraventa del Inmueble, la Sra. Golden le solicitó al Sr. Mickelsen alojarse en el Inmueble con conocimiento de que para el mes de diciembre 2023 el Sr. Mickelsen le arrendaría el Inmueble al Sr. Milstein.

7. El 13 de octubre de 2023, la Sra. Golden suscribió un "Short Term Rental Agreement" para alojarse en el Inmueble desde el 14 de octubre de 2023 ("Check in Date") hasta el 12 de noviembre de 2023 ("Check-Out Date").

[…]

13. El 27 de noviembre de 2023 la Sra. Golden desalojó el Inmueble y, en coordinación con el Sr. Mickelsen, guardó algunos artículos personales en un armario llamado "owner's closet", donde también había[n] otros artículos personales de otras personas, y dejó estacionado su vehículo en el garaje.

---

[3] *Íd.,* anejo VII, págs. 57-58.
[4] *Íd.,* anejo VIII, pág. 118.

[…]

15. Para la fecha del 27 de noviembre de 2023 la Sra. Golden salió fuera de la jurisdicción de Puerto Rico.

16. El 2 de diciembre de 2023, el Sr. Milstein inició su alojamiento en el Inmueble conforme había sido acordado en el "Lease Agreement" suscrito el 20 de julio de 2023.

[…]

20. La señora Golden no firmó ningún otro documento relacionado al Inmueble luego de la firma del "Short Term Rental Agreement" el 13 de octubre de 2023.

[…]

22. Para mediados del mes de diciembre de 2023, el Sr. Mickelsen le informó a la Sra. Golden, a través de mensaje de texto, que había aceptado una oferta en efectivo para la compra del Inmueble. En dicho mensaje, el Sr. Mickelsen le informó a la Sra. Golden que tanto ella como él debían sacar los artículos personales que se encontraban dentro del armario u "owner's closet" para el 2 de enero de 2024.

[…]

24. El 29 de diciembre de 2023, el Sr. Mickelsen y el Sr. Freundlich suscribieron la Escritura Número 138 titulada "Deed of Purchase and Sale", ante el notario público Rafael A. Ojeda Diez, mediante la cual el Sr. Mickelsen le vendió el Inmueble a el [sic] Sr. Freundlich.

25. Para el 29 de diciembre de 2023, el Sr. Eddie Milstein se encontraba ocupando el Inmueble y, en esa misma fecha desalojó el mismo de forma voluntaria tras haberse suscrito la escritura de compraventa entre el Sr. Mickelsen y el Sr. Freundlich.

26. El Sr. Mickelsen testificó que, a cambio de que el Sr. Milstein desalojara el Inmueble antes del tiempo pactado en el "Lease Agreement", el Sr. Mickelsen le devolvió al Sr. Milstein la cantidad de diez mil dólares ($10,000.00) del canon de arrendamiento acordado para las fechas del 2 de diciembre de 2023 y el 2 de enero de 2024.

[…]

29. El 31 de diciembre de 2023 la Sra. Golden presentó el pleito titulado *Kira Dawn Golden v. Christian E. Mickelsen et al.*, Caso Civil Núm. DO2023CV00264, sobre incumplimiento de contrato, cumplimiento específico, daños y perjuicios y contrato en daño de tercero (en adelante "Primer Pleito").[5]

---

[5] *Íd*, anejo IX, págs. 160-166.

A la luz de lo anterior, el TPI resolvió que la controversia consistía en determinar si la señora Golden tenía lo posesión material o de hecho sobre el Inmueble al momento en que fue vendido por el señor Mickelsen. Al respecto determinó, que la señora Golden no ostentaba la posesión de hecho ni la posesión material del Inmueble por haberlo desalojado voluntariamente y, por el contrario, el Inmueble se encontraba arrendado por un tercero que no es parte en el caso de epígrafe. Por tanto, sostuvo que, al momento de efectuarse la compraventa del Inmueble, el señor Mickelsen tenía la posesión del mismo a título de dueño seguido por el señor Freundlich, mientras que la posesión real y material la ostentaba el tercero.

Por ello, el foro sentenciador concluyó que la señora Golden no demostró estar en posesión real o material del Inmueble en el momento pertinente y, por tanto, no cumplió con los requisitos necesarios para conceder el remedio interdictal provisto en los Artículos 690 y 691 del Código de Enjuiciamiento Civil de Puerto Rico de 1933 (en adelante, Código de Enjuiciamiento Civil).[6] Además, puntualizó que "para que este Tribunal esté en posición de conceder el remedio interdictal solicitado, tendría que entrar en cuestiones de título, toda vez que la persona quien alegadamente privó de la posesión a la demandante no es dueño del Inmueble". En fin, el TPI denegó la solicitud de interdicto posesorio y desestimó la *Demanda* con perjuicio.

---

[6] 32 LPRA secs. 3561-3562.

En desacuerdo con tal determinación, la señora Golden presentó *Moción al amparo de las reglas de las reglas [sic] 43.1 y 47.*[7] En primer lugar, solicitó enmiendas a las determinaciones de hechos y la formulación de nuevas determinaciones. En suma, adujo que las determinaciones de hechos formuladas por el TPI no contemplaban: (i) la existencia de dos propiedades en venta del señor Mickelsen; (ii) la finalidad de la señora Golden en adquirir una residencia familiar; (iii) el acuerdo donde la señora Golden prestó consentimiento para que un tercero arrendara el Inmueble durante el mes de diciembre de 2023; (iv) el acuerdo que permite a la señora Golden residir y arrendar el Inmueble mientras efectuara el pago mensual acordado; (v) las transferencias bancarias realizadas por la señora Golden como pago mensual para la compra del Inmueble; (vi) la finalidad de los equipos comprados por la señora Golden en preparar al Inmueble tanto para su uso familiar como para alquiler a corto plazo; (vii) la organización de la señora Golden en separar sus pertenencias personales de las áreas destinadas a los huéspedes; (viii) el dispositivo de acceso al Inmueble que conservaba la señora Golden; (ix) el desacuerdo expreso de la señora Golden sobre la venta del inmueble y la indicación de que no autorizaba la entrada del señor Mickelsen al Inmueble; y (x) la remoción de objetos personales de la señora Golden de las áreas destinadas a los huéspedes. A su entender, todo lo anterior demuestra su continua posesión e intención clara de regresar al Inmueble.

---

[7] Apéndice del apelante, anejo X, págs. 174-580.

En segundo lugar, la señora Golden solicitó reconsideración de la denegatoria del remedio interdictal porque: (A) no existe una cintila de evidencia que demuestre que su posesión cesó en diciembre de 2023; (B) existe un acuerdo mediante el cual expresó su consentimiento para que un tercero utilizara el Inmueble por un término de 30 días en diciembre de 2023, lo cual representó una interrupción temporal de su posesión de hecho y material; (C) existe un acuerdo que le permitía residir y arrendar el Inmueble; y (D) el señor Mickelsen no honró el contrato de promesa bilateral de compraventa y, realizó actos de perturbación y despojo al remover sus pertenencias del Inmueble. Adujo que el cambio en la titularidad del Inmueble no anula su derecho a la protección interdictal debido a que es irrelevante si el perturbador mantiene posesión sobre el Inmueble, sino el hecho de que fue despojada de la misma. Por último, sostuvo que la determinación de su posesión sobre el Inmueble no implica pasar juicio sobre la titularidad de este.

Por su parte, el señor Mickelsen presentó *Oposición a "Moción al amparo de las reglas de las reglas [sic] 43.1 y 47"* en la cual alegó que la propuesta de determinaciones de hechos adicionales no altera ni varía la conclusión del TPI sobre la improcedencia del interdicto posesorio.[8] En específico, señaló que la referida propuesta no persigue establecer el cumplimiento de los requisitos necesarios para obtener un interdicto posesorio. Por el contrario, argumentó, que persigue establecer el interés o intención de la

---

[8] *Íd.*, anejo XI, págs. 581-603.

señora Golden en comprar el inmueble, y su alegado derecho a la posesión y no el hecho de la posesión. Es decir, pretende establecer su derecho a la titularidad del Inmueble. Además, sostuvo, que para proveer el remedio solicitado por la señora Golden es necesario dilucidar cuestiones de título, lo cual está fuera del alcance de la *Demanda* presentada.

Evaluados los escritos de las partes, el TPI emitió una *Resolución* en la que declaró *No Ha Lugar* la solicitud de enmiendas y reconsideración.[9]

Aun inconforme, la señora Golden presentó un recurso de Apelación en el que alega que el TPI incurrió en los siguientes errores:

> El TPI incurrió en error manifiesto al apreciar la prueba presentada. Por un lado, adjudicó titularidad del inmueble y determinó hechos materiales no sustentados por la evidencia. Por otro lado, no consideró o concedió escaso valor probatorio a hechos y circunstancias esenciales y materiales relativos a la posesión, admitidos en evidencia, necesarios para determinar si la recurrente ejercía la posesión civil alegada durante el mes de diciembre de 2023, momento en el cual alegó haber sido despojada.
>
> Erró el TPI al determinar que la Sra. Golden no pudo demostrar estar en posición real o material del inmueble para el momento pertinente.
>
> Erró el Honorable Tribunal de Primera Instancia al denegar el remedio interdictal basándose en consideraciones sobre titularidad del Inmueble.

Luego de revisar los escritos de ambas partes y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

El Código Civil de Puerto Rico de 2020 (en adelante, Código Civil) define la posesión como "la tenencia una cosa o el disfrute de un derecho por una persona".[10]

---

[9] *Íd.*, anejo XII, pág. 604.
[10] 31 LPRA sec. 7821.

Esta, a su vez, se puede clasificar en dos categorías, a saber: posesión natural y posesión civil. La primera, "es la tenencia de una cosa o el disfrute del derecho por una persona".[11] O lo que es lo mismo, "el señorío o dominación de hecho sobre una cosa con abstracción de que se tenga o no se tenga derecho a ese señorío o dominación".[12] Es característico de este tipo de posesión, la natural, la ausencia de intención de adquirir el dominio. De modo que, quien posee naturalmente la cosa solo pretende ejercer el control de hecho de la misma con el fin de custodiarla o disfrutarla.[13]

En cambio, la posesión civil consiste en "esa misma tenencia o disfrute, unidos a la intención de haber la cosa o derecho como suyos".[14] A diferencia de la posesión natural, en la posesión civil hay *animus domini*, es decir, intención de adquirir el dominio del bien.[15] Así pues, se distingue la posesión natural de la civil en que "[l]a primera […] es una mera detentación o un contacto cualquiera con el bien, sin que medie la intención de defenderla".[16] En síntesis, es inherente al concepto de posesión en general la idea de control.[17]

Por otro lado, la posesión "se adquiere por la ocupación material de los bienes poseídos, o por el hecho de estos quedar sujetos a la acción de la voluntad de quien la adquiere, sin el concurso de la voluntad del

---

[11] L. Muñiz Argüelles, *Los Derechos Reales Conforme al Código Civil de 2020*, ed. Preliminar, San Juan, Ed. SITUM, 2021, Vol. I, pág. 89.
[12] J.R. Vélez Torres, *Curso de Derecho Civil: Los bienes, los Derechos Reales*, 4ta ed., Madrid, Ed. Offirgraf, S.A., 2002, T. II, págs. 116-117.
[13] *Íd*, pág. 119.
[14] Muñiz Argüelles, *op. cit.*, pág. 89.
[15] Vélez Torres, *op. cit.*, pág. 119.
[16] Muñiz Argüelles, *op. cit.*, pág. 89.
[17] *Íd.*, pág. 87.

poseedor anterior".[18] Este tipo de posesión se cataloga como posesión originaria. En cambio, también se puede adquirir por los actos y las formalidades legales establecidas para adquirir tal derecho. Esta forma de posesión se define como posesión derivativa.[19]

Hay que dejar claramente establecido que la posesión no puede adquirirse violentamente mientras exista un poseedor que se oponga a ello. Al contrario, "[l]a persona que se crea con acción o derecho para privar a otra de la tenencia de una cosa, siempre que el tenedor resista la entrega, debe solicitar el auxilio de la autoridad competente".[20]

**B.**

Como expusimos previamente, la posesión no se puede adquirir de forma violenta. Por el contrario, nuestro ordenamiento jurídico reconoce el derecho de todo poseedor, a ser respetado en su posesión.[21] Por tal razón, el poseedor que sea inquietado indebidamente debe ser amparado o restituido en su posesión.[22] Para ello, el poseedor perturbado tiene a su favor el recurso del interdicto posesorio, regulado en el Código de Enjuiciamiento Civil.[23]

En lo aquí pertinente, el Artículo 690 del Código de Enjuiciamiento Civil, *supra*, dispone:

> Se concederá un *injunction* para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, siempre que ésta demuestre, a satisfacción del tribunal, que ha sido perturbada en la posesión o tenencia de dicha propiedad por actos que manifiesten la intención de inquietarle o despojarle, o cuando haya sido ya despojada de dicha posesión o tenencia.[24]

---

[18] 31 LPRA sec. 7841.
[19] *Íd.*
[20] 31 LPRA sec. 7845.
[21] 31 LPRA sec. 7862. Véase, además, Vélez Torres, *op. cit.*, pág. 135.
[22] *Íd.*
[23] 32 LPRA sec. 3561-3566.
[24] 32 LPRA sec. 3561.

De modo, que para conceder la protección interdictal **"[l]o importante resulta ser la existencia de una posesión de hehco [sic] que, en determinado momento, esté expuesta a perderse, o ya se haya perdido"**.[25]

De lo anterior es forzoso concluir que el interdicto posesorio tiene un alcance limitado, ya que "solo protege el que se prive a una persona de la posesión sin acudir a las autoridades competentes".[26] Por tal razón, **en este recurso "solo[se] discute el hecho de la posesión** y nunca el derecho a tal posesión ni el título ni el dominio del inmueble".[27] En consecuencia, **el interdicto posesorio "expresamente limita su uso a casos en los que estén envueltos el control físico de bienes inmuebles** […]".[28] De manera que "[e]l antiguo poseedor que abandona la intención de poseer o de ser dueño, **el que voluntariamente entrega a un tercero, no será favorecido por un tribunal cuando insta un interdicto posesorio para recuperar lo que abandonó o entregó".**[29] Sin embargo, "[l]a determinación de quién ha de prevalecer en el interdicto posesorio no priva a quienes participaron en ese juicio a hacer reclamos en casos posteriores, basados en sus derechos sustantivos y no exclusivamente en el hecho de la posesión".[30] En otras palabras, el hecho de no tener disponible este remedio, no implica la carencia de otros remedios disponibles en nuestro ordenamiento jurídico.

---

[25] Vélez Torres, *op cit*, pag. 132. (Énfasis suplido)

[26] Muñiz Argüelles, *op. cit.*, pág. 94.

[27] *Íd.,* pág. 94. (Énfasis suplido) Véase, además, *Janer v. Álvarez*, 75 DPR 37, 40 (1953). La acción interdictal tiene como finalidad la protección del hecho de la posesión, sin perjuicio de los derechos de los interesados, los que pueden y deben ser dilucidados en una acción plenaria.

[28] Muñiz Argüelles, *op. cit.*, pág. 97. (Énfasis suplido)

[29] *Íd.* (Énfasis suplido)

[30] *Íd.,* pág. 94.

## C.

Como regla general, los tribunales apelativos no intervendrán con las determinaciones de hechos ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos salvo que estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[31] En lo pertinente, la Regla 42.2 de Procedimiento Civil de Puerto Rico, dispone que:

> Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos.[32]

Esta deferencia se basa en que los jueces de instancia están en mejor posición que los foros apelativos para aquilatar la evidencia desfilada en los procedimientos ante sí, observando a los testigos y evaluando la credibilidad de sus declaraciones.[33]

Así pues, a menos que existan circunstancias extraordinarias y que la apreciación de la prueba se distancie de la realidad fáctica o esta sea inherentemente imposible o increíble, el tribunal apelativo deberá abstenerse de intervenir con las determinaciones de hechos, la apreciación de la prueba y las adjudicaciones de credibilidad hechas por el juzgador de los hechos.[34] En otras palabras, las determinaciones de hechos que hace el foro de instancia no deben descartarse arbitrariamente ni sustituirse por el criterio del foro apelativo, a menos que de la prueba

---

[31] *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).
[32] 32 LPRA Ap. V, R. 42.2.
[33] *Muñiz Noriega v. Muñiz Bonet*, 177 DPR 967, 987 (2010); *Pueblo v. Collado Justiniano*, 140 DPR 107, 115 (1996); *Pueblo v. Cruz Granados*, 116 DPR 3, 10 (1984).
[34] *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000).

admitida surja que no existe base suficiente que apoye tal determinación.[35]

Finalmente, en lo que respecta a prueba documental o pericial no existe primacía de la apreciación de un foro sobre el otro. Al contrario, tanto el tribunal de instancia como el de apelaciones se encuentran en la misma posición.[36]

**-III-**

Por estar íntimamente relacionados, discutiremos los señalamientos de error en conjunto.

La señora Golden alega que erró el TPI en la apreciación de la prueba documental y testifical al desestimar la demanda de interdicto posesorio. Sostiene, además, que incidió el foro sentenciador al concluir que para adjudicar la controversia había que determinar la titularidad del Inmueble. A su entender, la prueba demostró que la señora Golden tenía la posesión legítima y continuada del Inmueble, la cual siguió disfrutando en el mismo concepto hasta que el apelado la despojó de la misma.

En cambio, el señor Mickelsen alega que la apelante no pudo mostrar estar en posesión material y física del Inmueble al momento de los actos de despojo, por lo cual, no estableció los requisitos de la causa de acción de interdicto posesorio. Por el contrario, en su opinión, un análisis de las determinaciones de hechos propuestas por la señora Golden revela que van dirigidas a establecer su titularidad del Inmueble, asuntos ajenos a una reclamación de interdicto posesorio.

---

[35] *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420, 433 (1999).
[36] *González Hernández v. González Hernández*, 181 DPR 746, 776-777 (2011); *Rebollo v. Yiyi Motors*, 161 DPR 69, 79 (2004).

Por su parte, el señor Freundlich arguye, en esencia, que procede confirmar la sentencia apelada ya que la apelante "no ha logrado establecer un craso y manifiesto error de parte de la juzgadora de instancia al aquilatar la prueba". Sostiene, además, que el foro sentenciador no incidió porque "la apelante no ostentaba la posesión real y material del Inmueble y, por lo tanto, la acción de interdicto resultaba improcedente".

Establecido lo anterior, a nuestro entender, la controversia es estrictamente de naturaleza procesal, a saber: ¿tiene la señora Golden derecho a que se expida un interdicto posesorio para ser amparada o restituida en su posesión? No. Simplemente porque para cualquier fecha pertinente la apelante no ostentaba una posesión de hecho que haya estado expuesta a perderse o que se haya perdido. Veamos.

Surge de la prueba presentada, que el 27 de noviembre de 2023 la señora Golden **abandonó voluntariamente el Inmueble**, cuya posesión había ostentado en calidad de arrendataria en virtud del *Short Term Rental Agreement* otorgado el 13 de octubre de 2023.[37]

Así las cosas, el 2 de diciembre de 2023 el señor Milstein ocupó el Inmueble -que había abandonado voluntariamente la apelante- en calidad de arrendatario mediante *Lease Agreement* suscrito con el señor Mickelsen el 20 de julio de 2023.[38]

Ahora bien, el señor Milstein poseyó el Inmueble hasta el 29 de diciembre de 2023, fecha en que lo

---

[37] Transcripción de la Prueba Oral (en adelante, TPO) págs. 198; 199; 200; 202; 204; 208; 209; 211; 212; 214 y 215.
[38] Apéndice del apelante, anejo VIII, págs. 119-132. Véase, además, TPO págs. 200; 202 y 209.

abandonó por acuerdo con el señor Mickelsen. En esa misma fecha este último autorizó el *Deed of Purchase Agreement* mediante el cual cedió su dominio sobre el Inmueble al señor Freundlich, quien en virtud de dicho negocio jurídico se convirtió en su dueño.[39]

Del tracto fáctico previamente expuesto se desprende inequívocamente que, para el 29 de diciembre de 2023, la señora Golden no ostentaba posesión de clase alguna sobre el Inmueble que justificara protección interdictal.

Como expusimos anteriormente, el interdicto posesorio tiene un alcance bien limitado, a saber: aplica solamente a controversias en que esté involucrado el control físico de un bien inmueble. Y en el presente caso no podía existir pugna sobre el control físico del Inmueble, porque la señora Golden había entregado voluntariamente su posesión desde finales de noviembre de 2023.

Finalmente, luego de revisar atentamente la totalidad de la prueba, concluimos que no existen circunstancias que justifiquen intervenir con la apreciación que realizó el foro apelado.

-IV-

Por los fundamentos previamente expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[39] Apéndice del apelante, págs. 133-155. Véase, además, TPO págs. 206 y 207.